ACCEPTED
12-14-00262
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/24/2015 2:16:04 PM
CATHY LUSK
CLERK

NO. 12-14-00262-CV

_____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/24/2015 2:16:04 PM
CATHY S. LUSK
Clerk

IN THE
TWELFTH COURT OF APPEALS
AT TYLER, TEXAS

_____

CHARLES ALFORD and MARY LOU ALFORD,
Appellants

VS.

ROBERT THOMAS McKEITHEN, EOG RESOURCES, INC. and
CENTRAL TEXAS LAND SERVICES,
Appellees

_____

Appealed from the District Court of
San Augustine County, Texas

_____

**APPELLANTS' BRIEF**

_____

TOM RORIE
State Bar No. 17238000
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099

ATTORNEY FOR APPELLANTS

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

In accordance with Rule 38.1(a) of the TEXAS RULES OF APPELLATE PROCEDURE, Appellants Charles Alford and Mary Lou Alford provide the following list of all parties, and the names and addresses of all counsel:

Appellants:              Charles Alford
Mary Lou Alford

Counsel:               Tom Rorie
Attorney at Law
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099

Appellee:             Robert Thomas McKeithen

Counsel:               Noel D. Cooper
Law Offices of Noel D. Cooper
117 North Street, Suite 2
Nacogdoches, TX 75961
(936) 564-9000
FAX (936) 715-6022

Bill McWhorter
Bill McWhorter & Associates
119 North Street, Suite A
Nacogdoches, TX 75961-5200
(936) 564-2676
FAX (936) 564-6455

Appellees:            EOG Resources, Inc.
Central Texas Land Services

Counsel:               Jason R. Mills
Graham K. Simms
Jeff K. Heck
Freeman Mills PC
110 N. College, Suite 1400
Tyler, TX 75702
(903) 592-7755
FAX (903) 592-7787

# TABLE OF CONTENTS

Page

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

Point of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

> The Trial Court Erred as a Matter of Law in Holding That an Exhibit
> Attached to a Warranty Deed With Vendor's Lien was Wholly Incor-
> porated by Reference into the Deed

Arguments and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        Rules of Contract Construction Apply to Deeds . . . . . . . . . . . . . . . . . . . . . . . . . 3

        Basic Rules of Construction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        The Deed is Construed Against Grantors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        Rules Adopted by the Courts on Incorporation of Documents . . . . . . . . . . . . . . 4

        Is the Reservation Part of the Property Description . . . . . . . . . . . . . . . . . . . . . . . 7

        What Happens to the Matter That is Not Incorporated? . . . . . . . . . . . . . . . . . . . 7

        What Was the Intent of the Parties? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

Cases                                                                                                    Page

*Alford v. Kuhlman Electric Corporation*
716 F.3d 909 (CA5 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Arnold v. Sentry Savings Association*
633 S.W.2d 811 (Tex. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bob Montgomery Chevrolet v. Dent Zone Companies*
409 S.W.3d 181 (Tex.App.–Dallas 2013, no writ hist.) . . . . . . . . . . . . . . . . . . . . . . . . . . 6,8

*Coker v. Coker*
650 S.W. 2d 391 (Tex. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

*Foster Wheeler Energy Corporation v. An Ning Juang MV*
383 F.2d 349 (CA5 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Guerini Stone Co. v. P.J. Carlin Construction Company*
240 U.S. 264, 36 S.Ct. 306, 60 L.Ed. 636 (1916) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

*Heritage Res., Inc. v. Nationsbank*
939 S.W.2d 118 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hill & Combs v. First National Bank of San Angelo*
139 F.2d 740 (CA5 1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jones v. Sun Oil Co.*
110 S.W.2d 80 (Tex.Civ.App.–Texarkana 1937, writ ref.) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lavaca Bay Autoworld, LLC v. Marshall Pontiac Buick Oldsmobile*
103 S.W.3d 650 (Tex.App.–Corpus Christi 2003, no neg. writ hist.) . . . . . . . . . . . . . . . . . 8

*Luckel v. White*
819 S.W.2d 459 (Tex. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Maupin v. Chaney*
163 S.W.2d 380 (Tex. 1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ogden v. Dickinson State Bank*
662 S.W.2d 330 (Tex. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Owen v. Hendricks*
433 S.W.2d 164 (Tex. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,6

*Pritchett v. Gold's Gym Franchising, LLC*
2014 Tex.App. LEXIS 1281 (Tex.App.–Dallas 2014, no writ hist.) . . . . . . . . . . . . . . . . . . . . . 4

*Ralston Purina Co. v. Barge Juneau and Gulf Carribbean Marine Lines*
619 F.2d 374 (CA5 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ray v. Elder*
2007 Tex.App. LEXIS 4170 (Tex.App.–Tyler 2007, no writ hist.) . . . . . . . . . . . . . . . . . . . . . . 4

*Reeves v. Towery*
621 S.W.2d 209 (Tex.App.–Corpus Christi 1981, no writ hist.) . . . . . . . . . . . . . . . . . . . . . . . 4

*Rice v. Cook*
367 S.W.2d 386 (Tex.Civ.App.–Austin 1963, no writ hist.) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Starcrest Trust v. Berry*
926 S.W.2d 343 (Tex.App.–Austin 1996, no writ hist.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sullivan v. City of Galveston*
17 S.W.2d 478 (Tex.App. 1928, no writ hist.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Tribble & Stephens Co. v. RGM Constructors, L.P.*
154 S.W.3d 639 (Tex.App.–Houston [14th] 2004, pet.rev.den'd.) . . . . . . . . . . . . . . . . . . . . . . 6

*Valence Operating Co. v. Dorsett*
164 S.W.3d 656 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


Books and Treatises                                                                              Page

Williston on Contracts § 30-25 (4th Ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


Codes, Rules and Statutes                                                                        Page

TEXAS RULES OF APPELLATE PROCEDURE, Rule 9.4(i)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEXAS RULES OF APPELLATE PROCEDURE, Rule 38.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

## STATEMENT OF THE CASE

Appellants brought suit against the Appellees seeking a judgment that they owned all the interest in minerals in three tracts of land in San Augustine County that were owned by their grantors as of the date they acquired those tracts.

Appellants filed a motion for summary judgment, which was denied by the trial court, raising the same issue as raised in this appeal. They also filed a motion immediately before trial began for the trial court to construe the deed as a matter of law. The court ruled that an exhibit to the deed was incorporated for all purposes.

Trial before a jury was held on several issues, on issues of mutual mistake, limitations, trespass to try title, etc. The jury failed to find mutual mistake. Based on the jury verdict the court rendered judgment for the Appellees. Appellants filed a motion for new trial, which was denied. This appeal was then perfected.

**STATEMENT OF FACTS**

Appellants were acquainted with a Jack and Annie Jessup in San Augustine County who owned three tracts of land. Appellants had leased the land and known the Jessups for many years. In 2003 Annie Jessup told Mary Lou Alford she and her husband wanted to sell their land to them. They reached an agreement as to price and that the Jessups would owner-finance the sale.

Annie Jessup went to a San Augustine Title Company to have documents prepared. A Warranty Deed With Vendor's Lien, Deed of Trust, and promissory note were executed. The documents needed to close the transaction were executed on April 25, 2003. The deed is the document in question in this suit (App. 1). It contained a section entitled "Reservations from Conveyance and Warranty" in which was included the following language "For Grantor, a reservation for the full possession, benefit, and use of Tract Two for the remainder of the life of Grantor, as a life estate." There was a space provided immediately below that section in which the initials of all the parties were entered.

Attached to the deed was an exhibit, marked Exhibit A. The deed referred to this exhibit, by saying in the description of Tract One the following: "and being more particularly described by metes and bounds on Exhibit "A" attached hereto."

Exhibit A contained photocopied descriptions of the tracts copied from older deeds. In particular, it contained a description of "Tract One" which began with a property description by metes and bounds but then, without any break or interruption, began stating a reservation of minerals. The attorney who prepared the deed did not intend to include any mineral reservation (RR 59). The legal assistant who prepared the deed testified that she copied the description for an 1950

deed and did not notice that it contained a mineral reservation (RR 27-32; App. 2).

Initially it was believed that Appellants owned the minerals under the tract. They were approached to lease, and did lease, the minerals. A few years later they were notified that they did not own the minerals after all, and once they learned they would not be paid for the minerals being produced from their tracts they brought suit in District Court in San Augustine County against the lessee and producer, EOG Resources, Inc. and the party who transferred the lease to EOG, Central Texas Land Services, as well as against Robert Thomas McKeithen, who was an heir of the Jessups and acted in a representative capacity for them. Both of the Jessups were deceased prior to trial.

## SUMMARY OF THE ARGUMENT

The deed conveying real property to Appellants did not reserve any minerals by the Grantors even though there was a mineral reservation included on an attached exhibit, because the parties did not intend to incorporate that exhibit for all purposes. The exhibit was attached solely for the purpose of providing a metes and bounds description of the land being conveyed.

The primary goal of the court is ascertain the intent of the parties. When the parties had the opportunity to reserve minerals in the deed itself and chose not to do so, and when the incorporation of the exhibit was for a limited purpose, the effect of the exhibit is limited to its stated purpose only.

The court should strike from the deed in question and the exhibit any reference to a reservation of minerals, as the parties' intent was not to incorporate such a reservation. The court should render judgment that Appellants are the owners of all minerals which were owned by the grantors at the time of the execution of the deed.

## POINT OF ERROR

POINT OF ERROR NO. 1:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT AN EXHIBIT ATTACHED TO A WARRANTY DEED WITH VENDOR'S LIEN WAS WHOLLY INCORPORATED BY REFERENCE INTO THE DEED.

## ARGUMENTS AND AUTHORITIES

### ARGUMENT

Point of Error No. 1: THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT AN EXHIBIT ATTACHED TO A WARRANTY DEED WITH VENDOR'S LIEN WAS WHOLLY INCORPORATED BY REFERENCE INTO THE DEED.

### ARGUMENT AND AUTHORITIES

This case tests the limits of incorporation of a document into another document. The instrument in question is a Warranty Deed With Vendor's Lien executed by Jack P. Jessup and wife, Annie Elizabeth Jessup, to Appellants dated April 25, 2003 (App. 1). The deed identified three tracts of land in San Augustine County, Texas. The deed itself made no mention of any reservation of minerals; in fact the parties all initialed a section of the deed regarding reservations from the conveyance and it does not mention minerals. The issue is the effect of an attached Exhibit A. That page contains a metes and bounds description for "Tract One," but also includes in that description a reservation of minerals, which the evidence showed was copied, in error from an old deed (App. 2).

That the inclusion of the reservation of minerals was a mistake is clear. The attorney who prepared the deed stated there was no intent to include the mineral reservation. (RR Vol. 4, p. 59). The legal assistant who copied the attachment and attached to the deed testified that she did so in error. (RR Vol. 4, pp. 27-32). She copied the property description from a prior deed to the property executed in 1950 and failed to see the reference to a mineral reservation in the description.

Appellants filed a motion for summary judgment contending that as a matter of law the reservation of minerals was not incorporated into or part of the deed (App. 3 and 4). They renewed that argument at the time of trial by filing a motion to construe the deed (App. 7). The trial judge

ruled that Exhibit A was entirely incorporated into the deed (App. 8). After that ruling the case was tried to a jury on the theory of mutual mistake, and Appellants lost (App. 9 and 10). Appellants filed a motion for new trial raising again the issue of construction of the deed (App. 11). The motion for new trial was denied (App. 12).

The question is as follows: Does a reference in a deed to an attachment which incorporates it for a specific purpose also incorporate it for any or all other purposes?

## RULES OF CONTRACT CONSTRUCTION APPLY TO DEEDS

A deed is a form of contract, and construed in the same manner. The courts have been consistent in holding that the rules of construction of contracts are the same as those that apply to deeds or other instruments of conveyance. *Arnold v. Sentry Savings Association*, 633 S.W.2d 811, 815 (Tex. 1982); *Starcrest Trust v. Berry*, 926 S.W.2d 343, 351-352 (Tex.App.–Austin 1996, no writ hist.).

## BASIC RULES OF CONSTRUCTION

The basic rules of contract construction are well established. First, the primary goal is to determine the actual or true intent of the parties as they have stated it in the instrument. *Coker v. Coker*, 650 S.W. 2d 391, 393 (Tex. 1983). In order to give effect to all the language or provisions included in the document they executed the court should examine and consider the entire document and all its provisions. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). Contract provisions are to be given their ordinary and accepted meanings unless the document indicates the parties intended to use them is some technical or specific sense. *Heritage Res., Inc. v. Nationsbank*, 939 S.W.2d 118, 121 (Tex. 1996). Even if parts of the instrument appear to be

3

contradictory or inconsistent, the court must attempt to harmonize those provisions to give effect to all of them. *Luckel v. White*, 819 S.W.2d 459 (Tex. 1991). The court should avoid a construction that if possible makes any provision meaningless. *Coker v. Coker.*

With respect to a description of real property, it has been said that "[the sole purpose of the description of property, as contained in a deed of conveyance, is to identify the subject matter of the grant." *Maupin v. Chaney*, 163 S.W.2d 380 (Tex. 1942); *Rice v. Cook*, 367 S.W.2d 386 (Tex.Civ.App.–Austin 1963, no writ hist.).

## THE DEED IS CONSTRUED AGAINST GRANTORS

If there is a reservation in a deed in favor of a grantor it must be most strongly construed against the grantor and in favor of the grantee. *Reeves v. Towery*, 621 S.W.2d 209, 212 (Tex.App.–Corpus Christi 1981, no writ hist.). The same rule applies if the language used in the deed was doubtful in intent. *Jones v. Sun Oil Co.*, 110 S.W.2d 80 (Tex.Civ.App.–Texarkana 1937, writ ref.). If the trial court was not certain of the intent of the grantor in reserving minerals, then Appellants should have received the benefit of any doubt.

## RULES ADOPTED BY THE COURTS
## ON INCORPORATION OF DOCUMENTS

Courts have explained the rule of incorporation of documents in ways that appear to create a conflict.

One line of cases is that represented by *Owen v. Hendricks*,433 S.W.2d 164 (Tex. 1968); *Ray v. Elder*, 2007 Tex.App. LEXIS 4170 (Tex.App.–Tyler 2007, no writ hist.); *Pritchett v. Gold's Gym Franchising, LLC,* 2014 Tex.App. LEXIS 1281 (Tex.App.–Dallas 2014, no writ hist.). Those cases

4

recite the language of *Owen v. Hendricks*:

> It is uniformly held that an unsigned paper may be incorporated by reference in the paper signed by the person to be charged. The language used is not important provided the document signed by the defendant plainly refers to another writing.

This line of cases seems to say that stated purpose for an attachment is not material: if the attachment or extraneous document is referred to at all, it comes in.

A second lines of cases holds that other documents, whether attached or incorporated by reference, are only considered for the purpose given by the parties themselves. In *Guerini Stone Co. v. P.J. Carlin Construction Company*, 240 U.S. 264, 36 S.Ct. 306, 60 L.Ed. 636 (1916), the United States Supreme Court held that "[A] reference by the contracting parties to an extraneous writing for a particular purpose makes it a part of their agreement only for the purpose specified."

Several decades later the United State Court of Appeals for the Fifth Circuit adopted *Guerini* in a construction case. *Hill & Combs v. First National Bank of San Angelo*, 139 F.2d 740 (CA5 1944). The court said:

> While a reference in a contract to plans and specifications imports them into and makes them a part of the contract, it is quite well settled that <u>such a reference is not effective beyond the agreement of the contract and that if the contract contains qualifying words, they will be given effect, and the reference limited accordingly</u>.

Thus the Fifth Circuit held that the rule of *Owen v. Hendricks* is limited: a mere reference is not enough to incorporate the entire extraneous document or attachment, but the court must give the incorporated matter the effect the parties intended. If the words qualify the intent of the incorporation, the court must limit its effect to what the parties agreed. That court has consistently followed that rule: See *Ralston Purina Co. v. Barge Juneau and Gulf Carribbean Marine Lines*, 619

F.2d 374, 375-376 (CA5 1980), and *Foster Wheeler Energy Corporation v. An Ning Juang MV*, 383 F.2d 349 (CA5 2004).

More recently, in *Alford v. Kuhlman Electric Corporation*, 716 F.3d 909, 914 (CA5 2013), the Fifth Circuit said "it is important to note that when incorporated matter is referred to for a specific purpose only, it becomes a part of the contract for that purpose only, and should be treated as irrelevant for all other purposes," citing Williston on Contracts § 30-25 (4th Ed.). Thus the court is now saying that the extraneous matter does not come in automatically, but only the part the parties intended to incorporate for the stated purpose: the remainder is disregarded.

Texas courts have long recognized the *Guerini* rule. In *Sullivan v. City of Galveston*, 17 S.W.2d 478, 490 (Tex.App. 1928, no writ hist.), the court held that an attached document which provided the interest rate on some bonds was only incorporated for the purpose of supplying the interest rate and no other reason. Therefore, the court said that "the paper had no effect upon the obligation of the parties expressed in the bond itself, other than to supply the evidence of the rate of interest."

In *Tribble & Stephens Co. v. RGM Constructors, L.P.*, 154 S.W.3d 639 (Tex.App.–Houston [14th] 2004, pet.rev.den'd.), the court adopted the *Guerini* rule, citing a number of cases that have followed it.

More recently another Texas Court of Appeals has touched on the seeming conflict between the language of *Owen v. Hendricks* and *Guerini*. In *Bob Montgomery Chevrolet v. Dent Zone Companies*, 409 S.W.3d 181 (Tex.App.–Dallas 2013, no writ hist.), the Dallas court first cited *Owen v. Hendricks* for the proposition that documents can be incorporated into an agreement of the parties, even if they are unsigned, as long as the signed document "plainly refers" to the incorporated

6

document. But then the court added:

> No Texas case has expressly held that the complete incorporation by reference of another document requires the original document show the parties intended for the referenced document to become part of the contract. However the requirement for such a showing is supported by the general principle of contract law that reference to a document for a specific purpose incorporates that document only for the specified purpose.

## IS THE RESERVATION PART OF THE PROPERTY DESCRIPTION?

Another issue is whether or not the reservation of minerals is in effect a part of the property description. A reservation of minerals has the effect of reducing what is conveyed under the deed. So in theory it does affect the description of the land if it limits or reduces the quantity of land conveyed. Therefore, "the following tract of XX acres with the minerals reserved" would define what is being conveyed.

In the case before the bar the deed is complete in itself: it identifies the parties, conveys the land, and provides an sufficient description of the land. What then is the purpose of the attachment? It is to provide <u>a metes and bounds description as a supplement to the shorter, more general description of the land</u>.

## WHAT HAPPENS TO THE MATTER THAT IS NOT INCORPORATED?

In this case the parties stated that they were attaching Exhibit A for the sole purpose of providing a metes and bounds description. So what happens to the old mineral reservation that the legal assistant copied from the older deed and included because she failed to read to the end of the page?

In *Bob Montgomery Chevrolet, Inc. v. Dent Zone Companies* the court held that since it had found that a document regarding information on the internet was not incorporated into the agreement between the parties, that a clause in question, a forum selection clause, was not part of their contract. Therefore, it ruled that the forum selection clause was not binding and had no effect.

In *Lavaca Bay Autoworld, LLC v. Marshall Pontiac Buick Oldsmobile*, 103 S.W.3d 650 (Tex.App.–Corpus Christi 2003, no neg. writ hist.), the court found that since two provisions of the contract conflicted, and the court can resolve that conflict by striking down one of the provisions, that it had authority to strike down a writing in the contract so that no conflict existed.

In *Ogden v. Dickinson State Bank,* 662 S.W.2d 330 (Tex. 1983), the court held that when two provisions in a contract appear to be in conflict they should be harmonized if possible. In this case that is not possible, some provision has to go to avoid the conflict. That provision is the mineral reservation, the provision the parties did not intend to bind them.

In this case the court cannot reconcile both the evidence of intent of the parties to reserve only a life estate in one of the tracts, but reserve no minerals, with the <u>entire</u> language on Exhibit A. But the court can reconcile the deed with only the metes and bounds description. Therefore the court should order the mineral reservation stricken from Attachment A to the deed.

<u>WHAT WAS THE INTENT OF THE PARTIES?</u>

The primary goal of construction of any document is to ascertain and give effect to the intent of the parties. What evidences their intent?

- the parties indicated by their action that they considered any reservation from the conveyance important by setting aside a section of the deed for that subject with its

8

own title

- the parties indicated by their action that they considered any reservation from the conveyance important by each initialing the section that covered that subject

- the deed was complete in itself, i.e. there was no necessity to refer to any attachment to complete the terms and provisions of their agreement

- the parties initialed the section of the deed that referenced reservations from the conveyance, but they did not initial or sign the reservation of minerals on the attachment

- the person who prepared the deed testified that the attached mineral reservation was not attached intentionally but in error

- the parties limited the purpose of the attachment to the deed to only providing a metes and bounds description

- the parties gave no indication in the deed itself that they intended to incorporate any provision of the attachment as a provision of the deed itself.

For these reasons the only logical conclusion regarding the intent of the parties is that they intended that the grantors reserve one thing only, a life estate as to one tract, and that Appellants receive all their other interest in the property.

<u>CONCLUSION</u>

The trial court erred in construing the deed to Appellants by holding that the mineral reservation found in the metes and bounds property description was incorporated for all purposes. This case should never had gone to a jury, but rather should have been decided as a matter of law,

9

of contract interpretation.  The court should reverse the judgment of the trial court and render judgment that the mineral reservation included on Exhibit A to the deed in question is of no effect and is struck, and that all minerals of the grantors in that deed passed to Appellants.

The court should remand to the trial court the issue of Appellants' damages for the removal by any other parties of the minerals from the tracts conveyed to them, as well as damages to the surface of those tracts.

Appellants request that all costs be taxed against the defendants and that they have such other relief as they may be entitled to receive.

Respectfully submitted,


*Tom Rorie*
_____
Tom Rorie
State Bar No. 17238000
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099

**ATTORNEY FOR APPELLANTS**

CERTIFICATE OF COMPLIANCE

Pursuant to TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3), I hereby certify that this brief contains 2,459 words (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix).  This is a computer-generated document

created in WordPerfect, using 12-point typeface for all text.  In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.


_Tom Rorie_____

Tom Rorie



CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on counsel for Appellees this 24th day of April, 2015, by e-file service.


_Tom Rorie_____

Tom Rorie

NO. 12-14-00262-CV

IN THE
TWELFTH COURT OF APPEALS
AT TYLER, TEXAS

CHARLES ALFORD and MARY LOU ALFORD,
Appellants

VS.

ROBERT THOMAS McKEITHEN, EOG RESOURCES, INC. and
CENTRAL TEXAS LAND SERVICES,
Appellees

Appealed from the District Court of
San Augustine County, Texas

**APPENDIX TO APPELLANTS' BRIEF**

TOM RORIE
State Bar No. 17238000
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099

ATTORNEY FOR APPELLANTS

**ORAL ARGUMENT REQUESTED**

# APPENDIX

| No. | Document |
|-----|----------|
| 1 | Warranty Deed with Vendor's Lien from Jessup to Alford dated April 25, 2003 |
| 2 | Warranty Deed from Fountain, Burns, and Jessup to Jack Jessup dated May 24, 1950 |
| 3 | Plaintiffs' Motion for Summary Judgment |
| 4 | Order Denying the Alfords' Motion for Summary Judgment |
| 5 | Plaintiffs' Third Amended Original Petition |
| 6 | Plaintiffs' First Supplemental Petition |
| 7 | Motion for Court to Construe Document Prior to Evidence and Submission of Issues to Jury in Trial |
| 8 | Order on Construction by Court of Warranty Deed from Jack P. Jessup and Annie Elizabeth Jessup to Charles Alford and Mary Lou Alford dated April 25, 2003 |
| 9 | Jury Verdict |
| 10 | Judgment |
| 11 | Motion for New Trial |
| 12 | Order Denying Plaintiffs' Motion for New Trial |

FILE NO. 7437
FILED 25 DAY OF APR, 2003
AT 2:00 O'CLOCK P. M.
DIANA KOVAR, COUNTY CLERK
SAN AUGUSTINE CO., TEXAS
BY D. Kovar DEPUTY

WARRANTY DEED WITH VENDOR'S LIEN

Date:   April 25, 2003

Grantor: JACK P. JESSUP AND WIFE, ANNIE ELIZABETH JESSUP

Grantor's Mailing Address (including county): Route 3, Box 484, San Augustine, San Augustine County, Texas 75972

Grantee: CHARLES ALFORD AND WIFE, MARY LOU ALFORD

Grantee's Mailing Address (including county): Route 1, Box 529, San Augustine, San Augustine County, Texas 75972

Consideration:
(1) The sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to Grantor paid, cash in hand, by Grantee herein, the receipt of which is hereby acknowledged; and

(2) A note of even date that is in the principal amount of $80,000.00 and is executed by Grantee, payable to the order of Grantor. It is secured by a vendor's lien retained in this deed and by a deed of trust of even date from Grantee to J. Ken Muckelroy, Trustee.

Property (including any improvements):
TRACT ONE:
BEING 117.50 acres of land, situated on Curtis Jessup Survey, about seven miles west of the town of San Augustine, in San Augustine County, Texas, and being the property described in Deed from T. B. Fountain and wife, Minnie Fountain, C. C. Burns and wife, Mary Burns, and J. S. Jessup and wife, Una Jessup, to Jack Jessup, dated May 24, 1950, recorded in Vol. 105, Page 498, Deed Records, San Augustine County, Texas, and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

TRACT TWO:
BEING 2 acres, more or less, and being all that certain tract, lot or parcel of land, situated in San Augustine County, Texas, and being out of and a part of the Curtis Jessup Survey, about 8 miles West of the town of San Augustine, Texas, and being the property described in Deed from J. S. Jessup (Sharp Jessup) and wife, Una Jessup, to J. P. Jessup and wife, Annie Elizabeth Jessup, dated October 17, 1958, recorded in Vol. 122, Page 206, Deed Records, San Augustine County, Texas, and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

TRACT THREE:
BEING all of Grantors (Jack P. Jessup's) undivided interest in and to 9 acres of that certain 110.5 acre tract as described in Deed of Gift from Jenettie Jessup Stotts, Glenn Ray Jessup and Johnnie Dell Jessup Dumesnil, dated June 23, 1982, recorded in Vol. 235, Page 424, Deed Records, San Augustine County, Texas.

Reservations from Conveyance and Warranty: For Grantor, a reservation of the full possession, benefit, and use of Tract Two for the remainder of the life of Grantor, as a life estate.

Exceptions to Conveyance and Warranty:
Easements, rights-of-way and prescriptive rights, whether of record of not; all presently recorded restrictions, reservations, covenants, conditions, oil and gas leases, mineral severances and other instruments, other than liens and conveyances, that affect the property.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise, belonging, to have and to hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this Deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

JACK P. JESSUP

ANNIE ELIZABETH JESSUP

PLAINTIFFS'
EXHIBIT A

## TRACT ONE:

tract or parcel of land situated on Curtis Jessup survey about seven miles west of the town of San Augustine, in San Augustine County, Texas. Beginning at the S.W. corner of 112.5 acre survey on the Curtis Jessup survey, Iron rod pine 6" N.48 W.4.7 vrs.B.O.L 48 E.16 E.10 vrs.; Thence S.85.W.1001 vrs. to corner an ash N.57 E.8.6/B vr. corner is on west bank of branch; Thence with west bdy. of Curtis Jessup survey as follows, to-wit: 1st.N.6 E.352 vrs., 2nd.N.34 E.150 vrs., 3rd.N 9 E.148 vrs. to the ninth corner of the Curtis Jessup survey on the West bank of a branch this is the S.E.corner of a 23 acre survey out of the Curtis Jessup survey, N.W. corner for Willie Nichols witness trees are gone, thence down the said branch which is the E.B.line of the Willie Nichols 23 acre survey as follows, to-wit: 1st: N. 48 E. 20 vrs; 2nd: N.72 E. 45 vrs. 3rd;N. 30 W. 90 vrs 4thN.24 E.70 vrs.5th N.89.30 E.120 vrs. 6th.N.16.30.W.80 vrs.7th.N.17.30 W. 90 vrs. 108 vrs. to stake on west bank of a branch 28" Elm S. 1 E.7.5 vrs; Thence N.28 W. 75 vrs. to corner on South bank of Neclper creek; Thence up said creek, 1st.N84.30 E.124 vrs. 2nd.S.80.30 E.70 vrs.3rd N.60.30 . E.100 vrs.4th.S.62 E.70 vrs. 5th.N.6.30 vrs. 6th. S.61.15 E.80 vrs. to iron stake South Bank,Neclper creek, Thence S.23.45 W.1175 vrs. to beginning,containing 117.5 acres of land. It is hereby understood and agreed by and between the parties hereto that the grantors herein reserves in their own right one half of all mineral rights of every kind and character which may be on or under the above described tract of land with the right of ingress and egress over and on said land for the purpose of mining and drilling for oil and other minerals without interference of assigns or his assigns.

## TRACT TWO:

that certain tract, lot or parcel of land, situated in San Augustine County, Texas, being all of and a part of the Curtis Jessup Survey, about 8 miles West of the town of San Augustine, Texas, and being out of the 1st. tract described in an oil, gas and mineral lease executed by Sharp Jessup and wife, to T. W. Blount and W. D. Hays, recorded in Volume 92, P. 319 of the Deed Records of San Augustine County, Texas, being known as a 75 acre tract, and being 2 acres of land, and thus described:

BEGINNING at a point in the EBL of said 75 acre, S. 24 1/2 deg. East 240 feet from the NE corner of said 75 acre tract in the S.Bank of Neclper Creek (now called Rocky Creek);

THENCE South 24 1/2 deg. E. with the EBL of said 75 acre tract, 300 feet;

THENCE at right angles to said EBL (approximately S. 66 deg. W.) 290 1/2 feet;

THENCE North 24 1/2 deg. West parallel with the EBL of said 75 acre tract 300 feet;

THENCE at right angles (approximately N. 66 deg. East) 290 1/2 feet to the beginning, containing 2 acres, more or less.

EXHIBIT "A"

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE

This instrument was acknowledged before me by JACK P. JESSUP AND WIFE, ANNIE ELIZABETH JESSUP, on this the 25th day of April, 2003.

CONNIE VAUGHN
Notary Public
State of Texas
My Commission Expires
July 2, 2003

NOTARY PUBLIC FOR THE STATE OF TEXAS

PREPARED BY: J. KEN MUCKELROY, ATTORNEY AT LAW, P.C.
104 South Broadway, San Augustine, Texas 75972
Phone: (936) 275-2304 Fax: (936) 275-2305
AFTER RECORDATION, PLEASE RETURN TO J. KEN MUCKELROY, ATTORNEY

mw\leiland\jessup slford.ofwv; JKM; TC

THE STATE OF TEXAS, }
COUNTY OF San Augustine                Know All Men By These Presents:

That we, T.B.Fountain and wife Minnie Fountain,C.C.Burns and wife
Mary Burns, and J.S.Jessup and wife Una Jessup

of the County of   San Augustine        , State of      Texas              for and in consideration of

the sum of     Two Thousand Nine Hundred Thirty Seven and 50/100 ($2937.50)

DOLLARS,

to us        paid, and secured to be paid by  Jack Jessup
                                                                                          as follows:

First; The sum of $1,200.00, cash, the receipt of which is hereby
acknowledged;

SECOND : The sum of $1,737.50, as evidenced by one certain promissory
note of even date herewith, made, executed and delivered by
Jack Jessup to Home Life Association, San Augustine, Texas or
order in the principal sum as aforesaid, payable at San Augus-
tine, Texas, in 5 yearly installments of $ 347.50, the first
installment being due and payable on or before May 1, 1931,
and one installment to become due and payable on or before
the 1st day of May of each succeeding year until the whole
principal sum is paid, bearing interest at the rate of six
per centum per annum, interest payable annually, as it accrues,
and providing for the usual acceleration provisions and attorneys.
fee clause, and it is understood and agreed by the parties
hereto that the note is given as a part of the purchase price
of the hereinafter described lands, as furnished by Home
Life Association, San Augustine, Texas, and the vendor's lien
herein retained is for the use and benefit of the said Home
Life Association, and grantors authorize Home Life Association,
as foresaid to release said vendor's lien herein retained,

have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said

Jack Jessup

of the County of San Augustine            , State of      Texas
                                                                                all that certain
tract or parcel of land situated on Curtis Jessup survey about seven
miles west of the town of San Augustine, in San Augustine County,Texas.
Beginning at the S.W.corner of 112.5 acre survey on the Curtis Jessup
survey,Iron rod pine 6" N.48 W.4.7 vrs.B.O.L 4" S.15 E.10 vrs.;
Thence S.83.W.1001 vrs.to corner an ash N.57 E.8 5/5 vr.corner is on
west bank of branch;
Thence with west bdg.of Curtis Jessup survey as follows,to-wit;
1st.N.6 E.352 vrs..2nd.N.34 E.150 vrs.,3rd.N 9 E.88 vrs.to the ninth
corner of the Curtis Jessup survey on the West bank of a branch this is
the S.E.corner of a 23 acre survey out of the Curtis Jessup survey,N.W.
corner for Willie Nichols witness trees are gone,thence down the said
branch which is the E.B.line of the Willie Nichols 23 acre survey as
follows,to-wit; 1st: N. 70 E. 25 vrs; 2nd: N.72 E. 45 vrs, 3rd;N. 30 E,
4thN.24 E.70 vrs.5th N.29.30 E.120 vrs. 6th.N.16.30.W.80 vrs.7th.N.17.30 W.
185 vrs.to stake on west bank of a branch 28" M. Elm S. 1 E.7.5 vrs;
Thence up said branch  Thence N.28 W. 75 vrs.to corner on South bank
of Necipor creek; Thence up said creek, 1st 84.30 E.124 vrs, 2nd.S.80.30
E.70 vrs.3rd N.60.30 . E.100 vrs.4th.S.62 E.70 vrs. 5th.N.60 30 vrs.
6th. S.61.15 E.80 vrs. to iron stake South Bank,Necipor creek.
Thence S.23.45 W.1173 vrs.to beginning,containing 117.5 acres of land.
It is hereby understood and agreed by and between the parties hereto
that the grantors herein reserves in their own right one half of all
mineral rights of every kind and charector which may be on or under the
above described tract of land with the right of ingress and egress over
and on said land for the purpose of mining and drilling for oil and
other minerals without interference of assigne or his assigns.

EXHIBIT C

It is understood that J. S. Jessup and wife, Una Jessup,
join herein for the purposes of conveying all their rights,
title and interest in and to the above lands, however,
it is understood that they do not reserve any oil, gas
or other minerals, and an undivided one-half of said
oil, gas and other minerals are reserved by Mary Burns,
subject to an one-third life estate owned by her mother,
Minnie Fountain.

TO HAVE AND TO HOLD the above described premises, together with all and singular, the rights and
appurtenances thereto in anywise belonging unto the said  Jack Jessup ,  his

heirs and assigns forever; and  we   do hereby bind  ourselves , our
heirs, executors and administrators, to Warrant and Forever Defend all and singular the said premises unto the
said  Jack Jessup    his

heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part
thereof.

But it is expressly agreed and stipulated that the Vendor's Lien is retained against the above described prop-
erty, premises and improvements, for the use and benefit of Home Life Association, San Augus-
tine, until the above described note                                      and all interest thereon are fully
paid according to   three  / face and tenor, effect and reading, when this deed shall become absolute.

Witness  our   hand s      at      San Augustine                          this   24th    day of
May          , A.D. 19  50.

Witnesses at Request of Grantor:

Minnie Fountain

J. B. Fountain

THE STATE OF TEXAS,

COUNTY OF Union

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared

C. C. Burns and Mary Burns , his wife, both

known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said

Mary Burns , wife of the said C. C. Burns

having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Mary Burns acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 29 day of May A. D. 1950

---

THE STATE OF TEXAS,

COUNTY OF San Augustine

BEFORE ME

A Notary Public San Augustine County, Texas, on this day personally appeared

Una Jessup

J. S. Jessup , wife of

known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Una Jessup she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish acknowledged such instrument to be her act and deed, and to retract it.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, This day of May A. D. 19

(L. S.)

Notary Public in and for San Augustine County, Texas

---

THE STATE OF TEXAS,

COUNTY OF Nacogdoches

BEFORE ME

A Notary Public in Nacogdoches County County, Texas, on this day personally appeared

T. B. Fountain and

Minnie Fountain his wife, both known to me to be

the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said Minnie Fountain

wife of the said T. B. Fountain having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Minnie Fountain

acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, This 27 day of May A. D. 19 50

(L. S.)

Notary Public in and for San Augustine County, Texas

---

THE STATE OF TEXAS,

THE STATE OF TEXAS
County of San Augustine

I, CECIL MURPHY, Clerk of the County Court of said County do hereby certify that the foregoing instrument of writing dated on the 24 day of May A. D. 19 50 with its Certificate of authentication was filed for record in my office the 2 day of June A. D. 19 at 2.30 o'clock P M. and duly recorded the 2 day of June A. D. 1950 at 2 o'clock P. M. in the Deed Records of said County Vouchers 102 on Page 498

Witness my hand and the Seal of the County Court of said County, at offices in San Augustine the day and year last above written.

_____ Deputy

Cecil Murphy

Clerk County Court, San Augustine County, Texas

A-105

No.

# WARRANTY DEED

With Vendor's Lien, Single, Wife's Separate and Joint
Acknowledgments.

FROM

TO

FILED FOR RECORD

This _____ day of _____ A.D. 194___

at _____ o'clock ____ M

_____
County Clerk

By _____ Deputy

RECORDED

This _____ A.D. 19___

in _____ County Record

of _____ Book _____

Page _____

_____
County Clerk

By _____ Deputy

Recording Fee $ _____

This Instrument should be filed immediately with the
County Clerk for Record

MARTIN Stationery Co., Dallas

NO. CV-12-9344

| CHARLES and MARY LOU ALFORD, | § | IN THE DISTRICT COURT |
| Plaintiffs | | |
| | | |
| VS. | | |
| | § | OF |
| ROBERT THOMAS McKEITHEN, | | |
| EOG RESOURCES, INC., and | | |
| CENTRAL TEXAS LAND SERVICES, | | |
| Defendants | § | SAN AUGUSTINE COUNTY, TEXAS |

FILED
AT __ O'CLOCK __ M
__ 2013
JEAN SHIPTON District Clerk
SAN AUGUSTINE, TEXAS
BY __

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, CHARLES and MARY LOU ALFORD, hereinafter referred to as "Plaintiffs," and move the Court for a summary judgment declaring the ownership rights of the parties to oil, gas, and other minerals in and under those tracts of land described in a Warranty Deed dated April 25, 2003, by Jack Jessup and his wife, Annie Elizabeth Jessup, to Charles and Mary Lou Alford. In support of their motion Plaintiffs show as follows:

1.
MOTION UNDER TRCP 166a

This is a "conventional" motion for summary judgment under Rule 166a of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiffs contend that there is no issue of material fact necessary to be determined in order to decide this motion. The motion is based on interpretation of the deed which is central to this suit and can be decided as a matter of law.

Page 1
Alford v McKeithen, et al
MSJ

## SUMMARY JUDGMENT EVIDENCE

As summary judgment evidence to support their motion Plaintiffs provide the following:

1. The Warranty Deed in question, executed by Jack Jessup and his wife, Annie Elizabeth Jessup, conveying three tracts of real property located in San Augustine County, Texas. That deed is dated April 25, 2003, and it is filed for record in Vol. 38, Page 298, of the Official Public Records of San Augustine County, Texas. A true and correct copy is marked as Exhibit A and attached hereto.

2. The deposition testimony of Ken Muckelroy, the attorney who prepared the deed. His testimony is found on pages 22-28 of his deposition, marked as Exhibit B, and a copy of those pages is attached.

3. The deposition testimony of Connie Vaughn, the legal assistant who assisted in preparation of the deed and attached the property description. Pages 19-26 of her testimony are marked as Exhibit C and attached.

3.

## FACTS

Jack and Annie Jessup agreed to sell three tracts of land to Plaintiffs. They went to the office of Ken Muckelroy in San Augustine, where he offices and operates San Augustine County Abstract Company. The parties told the employees at the office what they wanted done, and documents were prepared. One of those documents was a Warranty Deed.

That deed contained provisions which are the core of this case.

First, the deed contained a section regarding "Reservations and Exceptions" which read as

Page 2
Alford v McKeithen, et al
MSJ

follows:

> Reservations from Conveyance and Warranty: For Grantor, a reservation of the full possession, benefit, and use of Tract Two for the remainder of the life of Grantor, as a life estate.

> Exceptions to Conveyance and Warranty: Easements, rights-of-way and prescriptive rights, whether of record of (sic) not; all presently recorded restrictions, reservations, covenants, conditions, oil and gas leases, mineral severances and other instruments, other than liens and conveyances, that affect the property.

All the parties initialed this section to indicate their understanding and agreement. No reservation of minerals by the grantors is mentioned in the deed itself.

Second, the deed made reference to an attached exhibit. The deed stated the purpose of that attachment as follows:

> . . . and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

Unfortunately, the legal assistant who helped prepare the deed copied a property description from an earlier conveyance that contained not only a metes and bounds description of the property but a mineral reservation from that prior conveyance (Muckelroy deposition, pages 22-28; Connie Vaughn deposition, pages 19-26). This lawsuit is the result of her error in failing to read the entire description that she copied before attaching it as an exhibit to the deed.

4.
## RULES OF CONSTRUCTION FOR DEEDS

Generally the same rules of construction are applicable to deeds as to contracts. The goal of the court should be to give effect to the intention of the parties as expressed in the language they used. In the absence of some conflict in the language used the court is limited to considering what

is found in the "four corners" of the document. *Luckel v. White*, 819 S.W.2d 459, 461-462 (Tex. 1991); *Coghill v. Griffith*, 358 S.W.3d 834 (Tex.App.–Tyler, 2012, pet.den.). In the case before the court there is no need to look outside the "four corners" to ascertain the intent of the parties.

The court must consider whether an ambiguity exists. If there is no ambiguity, then the court cannot consider extrinsic evidence. *Cherokee Water Co. v. Freeman* 33 S.W.3d 349, 354 (Tex.App.–Texarkana 2000, pet.den.). Neither party has pled ambiguity and in this case there is no ambiguity. The parties clearly expressed their intent in the deed itself. Given the opportunity to list in the deed any reservations or exceptions they intended, the parties initialed a provision which reserves a life estate to the Jessups in one of the tracts but reserves no minerals.

There is no conflict between the provisions of the deed itself and the attached exhibit. The deed provides for no reservation of minerals and then states that the attachment is attached for a limited purpose, i.e. to provide a metes and bounds description of the tracts conveyed. The attachment is not incorporated by reference for any other purpose. Thus there is no conflict between the terms of the deed itself and the attached exhibit.

Since the answer in this case is found in the deed itself, not in any extrinsic or parol evidence, this case is well-suited for a ruling by the court as a matter of law. In fact, it is error, if the deed is not ambiguous, for the trial court to take evidence and submit the interpretation of the deed to a jury. *Ensearch Exploration, Inc. v. Wimmer*, 718 S.W.2d 308, 310 (Tex.App.–Amarillo 1986, writ. ref'd n.r.e.); *Prairie Producing Co. v. Schlachter*, 786 S.W.2d 409, 413 (Tex.App.–Texarkana 1990, writ denied).

## 5.
## THE QUESTION: DOES THE REFERENCE TO THE PROPERTY DESCRIPTION FOR METES AND BOUNDS DESCRIPTION ALSO INCORPORATE THE RESERVATION OF MINERALS LANGUAGE?

There is no reservation of minerals provision in the deed the Jessups signed. So the question is the effect of the attached exhibit. The answer is found in the deed itself, for the deed itself shows the purpose for the attached exhibit was not to add additional terms or provisions to the deed but only to provide a <u>metes</u> and <u>bounds</u> <u>property</u> <u>description</u>.

## 6.
## ARGUMENT AND AUTHORITIES: AN ATTACHMENT TO A CONTRACT OR DEED IS ONLY EFFECTIVE FOR THE PURPOSE STATED BY THE MAKER OF THE CONTRACT

The seminal case on the question presented by this motion is *Guerini Stone Co. v. P.J. Carlin Construction Co.*, 240 U.S. 264, 36 S.Ct. 300; 60 L.Ed. 636 (1916). *Guerini* was a construction contract case. It is common in construction contracts to refer to other documents that contain constructions standards, to incorporate other agreements or provisions, to incorporate sub-contracts, etc. In that case the contract in question was a contract for the construction of a post office and court building in Puerto Rico. The parties argued over the effect of a reference to a sub-contract. The court held that under the greater weight of authority and based on "sound reason" that "in the case of sub-contracts, as in other cases of express agreements in writing, a reference by the contracting parties to an extraneous writing for a particular purpose makes it part of their agreement only for the purpose specified."

Williston on Contracts § 30:25 (4th Ed.) follows the same rule as originally pronounced by *Guerini.*

A number of federal courts, including the Fifth Circuit and Texas District Courts, have applied this rule. In *Hill & Combs v. First National Bank of San Angelo, Tex.*, 139 F.2d 740 (5th Cir. 1944), the court, citing *Guerini*, held that referring in a contract to plans or specifications only made them effective to the extent they referred to them, and "if the agreement contains qualifying words, they will be given effect, and the reference limited accordingly."

In *Ralston Purina Co. v. Barge Juneau and Gulf Caribbean Marine Lines*, 619 F.2d 374 (5th Cir. 1980), one of the parties argued that a reference in the bill of lading to the Carriage of Goods by Sea Act (COGSA) incorporated that act for all purposes. The court held the argument to be inconsistent with the "well established and undisputed principle of contract law that a reference by the contracting parties to an extraneous writing for a particular purpose makes it part of their agreement only for the purpose specified," citing *Guerini*. In 2004 the court again considered a case involving COGSA in *Foster Wheeler Energy Corporation v. An Ning Jiang MV*, 383 F.3d 349 (5th Cir. 2004), and cited again the rule from *Ralston Purina*.

Most recently, in *James Alford et al. v. Kuhlman Electric and Kuhlman Corporation*, Case No. 11-60728 (United States Court of Appeals for the Fifth Circuit), opinion filed May 24, 2013, the court cited *Foster Wheeler* and quoted its holding *verbatim*.

Texas state courts have also adopted the rule set out in *Guerini*. In *Sullivan v. City of Galveston*, 17 S.W.2d 478 (Tex.App. 1928, aff. 34 S.W.2d 808, Tex.Comm.App. 1931), the court considered the effect of a bond that was referred to in an agreement or provision that made a bank the depository of funds of the city of Galveston. The parties argued over the effect of the provisions of the bond. The court, citing *Guerini*, held that "the attached paper had no effect upon the

obligation of the parties expressed in the bond itself, other than to supply the evidence of the rate of interest . . ."

The Court of Appeals in *Trico Marine Services et al v. Stewart & Stevenson Technical Services et. al.*, 73 S.W.3d 545 (Tex.App.–Houston [1st] 2002, no writ hist.), the court distinguished between a mere reference to another document and cases involving attachments which are incorporated by reference "for all purposes," pointing out that the extraneous document or attachment applies only as the terms of reference indicate it should be incorporated.

In *Tribble & Stephens Co. v. RGM Constructors, L.P.*, 154 S.W.3d 639 (Tex.App.–Houston [14th] 2004, pet.den.), the court expressly referred to the *Guerini* rule, holding that when a prime contract is referred to in a subcontract is it incorporated "only for the purpose specified."

Once this rule for construction and interpretation of contracts and deeds is applied to this case the result becomes clear. The attached property description, copied from an older deed, is completely ineffective in reserving any rights in the minerals in the tracts described because it was not attached for the purpose of providing a substantive provision of the agreement of the parties. It was attached for a limited, specified purpose, and any language other than that which is part of the "metes and bounds" description is surplusage and must be disregarded.

7.
CONCLUSION

Summary Judgment is proper in this case for the following reasons:

1.    The intent of the parties is clear from the terms of the deed itself, i.e. they intended no reservation of minerals;

2.    The deed is not ambiguous; therefore, no extrinsic or parol evidence should be considered in construing it.

3.    The attached exhibit was provided for a sole purpose, i.e. to provide a metes and bounds description;

4.    The language in the metes and bounds description that refers to a reservation of minerals is not effective to reserve minerals, because the parties did not intend to incorporate the attachment for that purpose;

5.    The court has the authority to construe the deed and to disregard the extraneous language in the attachment to the deed;

6.    When the court construes the deed and disregards the extraneous language in the attachment to the deed as having no effect, there is no mineral reservation by the Jessups;

7.    In the absence of a mineral reservation by the Jessups, all their right, title, and ownership interest(s) in the minerals in the tracts conveyed were transferred to Plaintiffs under the deed;

8.    The court has authority to construe the deed, interpret its effect, and declare the rights of the parties under that deed;

9.    The court should grant a summary judgment that declares that Plaintiffs own and hold all minerals in the tracts conveyed to them by the Jessups that the Jessups owned.

WHEREFORE, Plaintiffs request that the Court set a hearing on their Motion for Summary Judgment with notice to all parties and that upon hearing the Court grant their motion and enter judgment that Plaintiffs own and hold all the interest of Jack P. and Annie Elizabeth Jessup in the

tracts of land described in the Warranty Deed by Jack P. and Annie Elizabeth Jessup to Plaintiffs dated April 25, 2003, and filed for record in Vol. 38, Page 298 of the Official Public Records of San Augustine County, Texas; Plaintiffs further request that they recover all costs and all other relief to which they may be entitled.

Respectfully submitted,

_____
Tom Rorie
State Bar No. 17238000
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on opposing counsel this _____ day of September, 2013, by certified mail/return receipt requested, to-wit:

Mr. Jason R. Mills
Mr. Graham K. Simms
Mr. Jeff K. Heck
Freeman Mills PC
110 N. College, Suite 1400
Tyler, TX 75702

CM/RRR #7010 2780 0002 4234 6873

Mr. Noel D. Cooper
Law Offices of Noel D. Cooper
117 North Street, Suite 2
Nacogdoches, TX 75961

CM/RRR #7010 2780 0002 4234 6880

Page 9
Alford v McKeithen, et al
MSJ

Mr. Bill McWhorter
Bill McWhorter & Associates
119 North Street, Suite A
Nacogdoches, TX 75961-5200

CM/RRR #7010 2780 0002 4234 6897

Tom Rorie

FILE NO. 7437
FILED 28th DAY OF April, 2003
AT 3:00 O'CLOCK P. M.
DIANA KOVAR, COUNTY CLERK
SAN AUGUSTINE CO., TEXAS
BY D. Kovar DEPUTY

## WARRANTY DEED WITH VENDOR'S LIEN

**Date:** April 25, 2003

**Grantor:** JACK P. JESSUP AND WIFE, ANNIE ELIZABETH JESSUP

**Grantor's Mailing Address (including county):** Route 3, Box 484, San Augustine, San Augustine County, Texas 75972

**Grantee:** CHARLES ALFORD AND WIFE, MARY LOU ALFORD

**Grantee's Mailing Address (including county):** Route 1, Box 529, San Augustine, San Augustine County, Texas 75972

**Consideration:**
(1) The sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to Grantor paid, cash in hand, by Grantee herein, the receipt of which is hereby acknowledged; and

(2) A note of even date that is in the principal amount of $80,000.00 and is executed by Grantee, payable to the order of Grantor. It is secured by a vendor's lien retained in this deed and by a deed of trust of even date from Grantee to J. Ken Muckelroy, Trustee.

**Property (including any improvements):**
**TRACT ONE:**
BEING 117.50 acres of land, situated on Curtis Jessup Survey, about seven miles west of the town of San Augustine, in San Augustine County, Texas, and being the property described in Deed from T. B. Fountain and wife, Minnie Fountain, C. Burns and wife, Mary Burns, and J. S. Jessup and wife, Una Jessup, to Jack Jessup, dated May 24, 1950, recorded in Vol. 105, Page 498, Deed Records, San Augustine County, Texas, and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

**TRACT TWO:**
BEING 2 acres, more or less, and being all that certain tract, lot or parcel of land, situated in San Augustine County, Texas, and being out of and a part of the Curtis Jessup Survey, about 8 miles West of the town of San Augustine, Texas, and being the property described in Deed from J. S. Jessup (Sharp Jessup) and wife, Una Jessup, to J. P. Jessup and wife, Annie Elizabeth Jessup, dated October 17, 1958, recorded in Vol. 122, Page 206, Deed Records, San Augustine County, Texas, and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

**TRACT THREE:**
BEING all of Grantors (Jack P. Jessup's) undivided interest in and to 9 acres of that certain 110.5 acre tract as described in Deed of Gift from Jenettie Jessup Stotts, Glenn Ray Jessup and Johnnie Dell Jessup Dumesnil, dated June 23, 1982, recorded in Vol. 235, Page 424, Deed Records, San Augustine County, Texas.

**Reservations from Conveyance and Warranty:** For Grantor, a reservation of the full possession, benefit, and use of Tract Two for the remainder of the life of Grantor, as a life estate.

**Exceptions to Conveyance and Warranty:**
Easements, rights-of-way and prescriptive rights, whether of record of not; all presently recorded restrictions, reservations, covenants, conditions, oil and gas leases, mineral severances and other instruments, other than liens and conveyances, that affect the property.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and to hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this Deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

JACK P. JESSUP

ANNIE ELIZABETH JESSUP

PLAINTIFFS'
EXHIBIT A

## TRACT ONE:

tract or parcel of land situated on Curtis Jessup survey about seven miles west of the town of San Augustine, in San Augustine County, Texas. Beginning at the S.W.corner of 112.5 acre survey on the Curtis Jessup survey, Iron rod pine 6" N.48 W.4.7 vrs.B.O.L 4" S.16 E.10 vrs.;
Thence S.83.W.1001 vrs.to corner an ash N.57 E.8-3/8 vr.corner is on west bank of branch;
Thence with west bdy.of Curtis Jessup survey as follows,to-wit; 1st.N.6 E.352 vrs..2nd.N.34 E.150 vrs.,3rd.N 9 E.225 vrs.,to the ninth corner of the Curtis Jessup survey on the West bank of a branch this is the S.E.corner of a 23 acre survey out of the Curtis Jessup survey,N.W. corner for Willie Nichols witness trees are gone, thence down the said branch which is the E.B.line of the Willie Nichols 23 acre survey as follows,to-wit; 1st; N. 18 E. 20 vrs; 2nd; N.72 E. 45 vrs., 3rd;N. 30 W. N.24 E.70 vrs.5th N.39.30 E.120 vrs. 6th.N.16.30.W.80 vrs.7th.N.17.30 W. 80 vrs. 135 vrs.to stake on west bank of a branch 28" Elm S. 1 E.7.5 vrs; Thence N.28 W. 75 vrs.to corner on South bank of Nociper creek; Thence up said creek, 1st.464.30 E.124 vrs. 2nd.S.80.30 E.70 vrs.3rd N.60.30 . E.100 vrs.4th.S.62 E.70 vrs. 5th.N.6.90 vrs. 6th. S.61.15 E.50 vrs. to iron stake South Bank,Nociper creek.
Thence S.23.45 W.1175 vrs.to beginning,containing 117.5 acres of land.
It is hereby understood and agreed by and between the parties hereto that the grantors herein reserves in their own right one half of all mineral rights of every kind and character which may be on or under the above described tract of land with the right of ingress and egress over and on said land for the purpose of mining and drilling for oil and other minerals without interference of assigns or his assigns.

## TRACT TWO:

that certain tract, lot or parcel of land, situated in San Augustine County, Texas, being out of and a part of the Curtis Jessup Survey, about 8 miles West of the town of San Augustine, Texas, and being out of the 1st. tract described in an oil, gas and mineral lease executed by Sharp Jessup and wife, to T. W. Blount and W. F. Hays, recorded in Volume 92, P. 319 of the Deed Records of San Augustine County, Texas, being known as a 75 acre tract, and being 2 acres of land, and thus described:

BEGINNING at a point in the EBL of said 75 acre, S. 24 1/2 deg. West 240 feet from the NE corner of said 75 acre tract in the S.Bank of Nociper Creek (now called Rocky Creek);

THENCE South 24 1/2 deg. E. with the EBL of said 75 acre tract, 300 feet;

THENCE at right angles to said EBL (approximately S. 66 deg. W.) 290 1/2 feet;

THENCE North 24 1/2 deg. West parallel with the EBL of said 75 acre tract 300 feet;

THENCE at right angles (approximately N. 66 deg. East) 290 1/2 feet to the beginning, containing 2 acres, more or less.

EXHIBIT "A"

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE

This instrument was acknowledged before me by JACK P. JESSUP AND WIFE, ANNIE ELIZABETH JESSUP, on this the 25th day of April, 2003.

CONNIE VAUGHN
Notary Public
State of Texas
My Commission Expires
July 2, 2003

NOTARY PUBLIC FOR THE STATE OF TEXAS

PREPARED BY: J. KEN MUCKELROY, ATTORNEY AT LAW, P.C.
104 South Broadway, San Augustine, Texas 75972
Phone: (936) 275-2304 Fax: (936) 275-2305
AFTER RECORDATION, PLEASE RETURN TO J. KEN MUCKELROY, ATTORNEY

mw\land\jessup.alford.ofcv; JKM; TC

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Ken Muckelroy on 01/30/2013

Page 1

CAUSE NO. CV-12-9344

| | |
|---|---|
| CHARLES AND MARY LOU ALFORD ) | IN THE DISTRICT COURT |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | OF |
| ) | |
| ROBERT THOMAS McKEITHEN, ) | |
| EOG RESOURCES, INC., AND ) | |
| CENTRAL TEXAS LAND ) | |
| SERVICES ) | |
| ) | |
| Defendants. ) | SAN AUGUSTINE COUNTY, TEXAS |

_____

ORAL DEPOSITION

KEN MUCKELROY

JANUARY 30, 2013

_____

ORAL DEPOSITION OF KEN MUCKELROY, produced as a witness at the instance of the Plaintiffs and duly sworn, was taken in the above-styled and -numbered cause on JANUARY 30, 2013, from 2:05 p.m. to 3:10 p.m., before Amber Hogue, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of J. Ken Muckelroy, 108 Foster Street, Center, Texas 75935, pursuant to the Texas Rules of Civil Procedure and the provisions stated on the record or attached hereto.

CERTIFIED ORIGINAL TRANSCRIPT

PLAINTIFFS'
EXHIBIT B

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Ken Muckelroy on 01/30/2013

Page 22

Q. Do you recall of your own memory any discussion with any of these people you talked to about this transaction regarding anything having to do with minerals?

A. No.

(Exhibit 2 marked.)

Q. Now, let me show you what's been marked as Exhibit No. 2, which is a warranty deed with vendor's lien.

And do you identify what I'm showing you here as Exhibit No. 2?

A. Yes. It's a deed that we prepared.

Q. All right. And it appears to have been signed by the Jessups, correct?

A. Yes.

Q. And for the ladies and gentlemen of the jury who may not understand exactly all the procedure in real estate transactions, the Aflords' names are not shown on that document, correct?

A. Other than this grantee's at the top.

Q. All right. And they did not sign the document, correct?

A. No. They only initialed the reservations section.

Q. All right. And is there -- again, explain to

the ladies and gentlemen of the jury the purpose of the signatures. Is it customary for the grantee in a real estate transaction to also sign the deed?

A. It's not customary.

Q. Now, the signatures are shown of the Jessups and there are also some initials, correct?

A. Yes.

Q. And where are the initials shown in Exhibit No. 2?

A. Beside the reservations from conveyance and warranty section of the deed.

Q. All right. Tell us your understanding, as an attorney practicing in the area of real estate law, what is meant by that term "reservations." What's the complete terminology there?

A. Reservations from conveyance and warranty.

Q. Okay. And what does that terminology refer to?

A. It refers to any -- any reservation of interest that the grantor intends to make as to the tracts conveyed in that deed. That's where -- where it should appear in the document.

Q. Based on your usual and customary practice at the time this document was prepared, if the parties had instructed you in any way that the grantors, the Jessups, were reserving minerals or any part thereof, would that

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Ken Muckelroy on 01/30/2013

Page 24

have been noted in that deed?

A. Yes, in that section.

Q. And what's the purpose of having the parties initial in that section?

A. We always want both parties to be aware of what is being reserved. And so whoever -- whoever has them sign up or sign the document is taught to go through that and explain to them that you're reserving whatever's noted here and conveying any other interest that you might have in the properties.

Q. Okay. Now, there is attached to Exhibit No. 2 a page or more than one page that appears to have some description -- metes and bounds descriptions of some property.

A. Yes.

Q. All right. I call your attention first of all to the description that's on the top of the second page of the deed under Tract 1.

A. Yes.

Q. Do you know the source of that description that is attached to this deed, Exhibit No. 2?

A. Yes. It's a -- it's a deed from 1950 where the Jessups received that tract.

(Exhibit 3 marked.)

Q. All right. Let me show you what's been marked

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Ken Muckelroy on 01/30/2013

Page 25

as Exhibit No. 3. Is that the deed you're referring to?

A. I believe it is, yes.

Q. Is the property description shown for Tract No. 1 in Exhibit No. 2 verbatim -- a verbatim copy of the description shown in the deed that I've shown you that's been marked as Exhibit No. 3?

A. Yes. It -- it's a copy from that document.

Q. Is it actually a photocopy of the --

A. Yes.

Q. -- description itself?

A. Yes.

Q. So it hasn't been retyped, it's actually just been copied?

A. That's correct. Just a photocopy.

Q. All right. And if you compared the description for Tract No. 1 on Exhibit No. 2 and the description on Exhibit No. 3 for the same tract --

A. Yes.

Q. -- are they identical in every respect?

A. Yes.

Q. Let me call your attention to the second page of Exhibit No. 3. And there appears to be some reference here that's a continuation of what's on page 2.

A. Right.

Q. Correct?

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Ken Muckelroy on 01/30/2013

Page 26

A.    Yeah.

Q.    Is that also referred to as a mineral reservation in what has been marked as Exhibit No. 3?

A.    I'm -- I'm not sure I understand your question.

Q.    Is that also a continuation of the description of a mineral reservation that is shown in the property description in Exhibit No. 3?

A.    I think it is, yes.

Q.    All right.  Is that portion of the property description that is shown on the top of the second page of Exhibit No. 3 included in the description for Tract No. 1 in Exhibit No. 2?

A.    No.

Q.    So is it a fair statement then that the property description shown for Tract No. 1 in Exhibit No. 2 was photocopied from the description in Exhibit No. 3, but the entire description was not photocopied?

A.    Yeah.  This entire description here was photocopied and placed into this --

Q.    But not --

A.    -- exhibit.

Q.    -- the entire description referring to the mineral reservation, correct?

A.    That's correct.

Q.    Okay.  Do you know who made the decision to

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Ken Muckelroy on 01/30/2013

Page 27

photocopy the description or a portion of the description from Exhibit No. 3 and insert it on the attachment to Exhibit No. 2?

A.    I believe that was Ms. Vaughn.

Q.    Connie Vaughn?

A.    Yes, sir.  It would have been her job as the closer, the one preparing the document, to prepare the exhibits.

Q.    Now, if you would, go back to Exhibit No. 2, which is the deed there.

A.    Okay.

Q.    There is a reference on the first page of that deed to what is attached.  Can you locate that for me?

A.    Yes.

Q.    And what is that reference?

A.    It says, "Exhibit A attached hereto at the bottom of Tract 1 and Tract 2."

Q.    All right.  Let's see what it says.  And it refers to it being more particularly described a metes and bounds description, correct?

A.    Yes.

Q.    In your opinion as an attorney practicing in the area of real estate law, is the description of Tract No. 1 contained in Exhibit No. 2 sufficient in itself to identify the property being conveyed?

A. Yes. Because it references the document that contains a complete metes and bounds description.

Q. All right. And is the reference to any other provisions regarding the document or any other aspect of the document other than the metes and bounds description?

A. That's the only intent there, yes.

Q. Okay. So the intent is not, in your opinion, as the preparer of the document, to refer to provisions that might affect title in any other document, but only to the metes and bounds description; is that correct?

A. Yes. Only to the metes and bounds.

Q. Do you know of your own knowledge whether the parties were ever together at the time the Exhibit No. 2 and the note and the deed of trust were signed?

A. I don't know. They're -- they're acknowledged on the same date. But I don't know if it was the same time or not.

Q. Okay. When did you first learn that there was a reference to a mineral reservation in the description for Tract No. 1 in the description used in Exhibit No. 2, the deed from the Jessups to the Aflords?

A. I don't remember a date. But I think it was a few years after the documents were prepared.

Q. And how did you learn that?

A. I -- I think Mrs. Alford was in the office in

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 1

CAUSE NO. CV-12-9344

| | |
|---|---|
| CHARLES AND MARY LOU ALFORD ) | IN THE DISTRICT COURT |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | OF |
| ) | |
| ROBERT THOMAS McKEITHEN, ) | |
| EOG RESOURCES, INC., AND ) | |
| CENTRAL TEXAS LAND ) | |
| SERVICES ) | |
| ) | |
| Defendants. ) | SAN AUGUSTINE COUNTY, TEXAS |

ORAL DEPOSITION

CONNIE VAUGHN

JANUARY 30, 2013

ORAL DEPOSITION OF CONNIE VAUGHN, produced as a witness at the instance of the Plaintiffs and duly sworn, was taken in the above-styled and -numbered cause on JANUARY 30, 2013, from 3:15 p.m. to 3:51 p.m., before Amber Hogue, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of J. Ken Muckelroy, 108 Foster Street, Center, Texas 75935, pursuant to the Texas Rules of Civil Procedure and the provisions stated on the record or attached hereto.

PLAINTIFFS'
EXHIBIT C

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 19

Q.   Now, there is on this document, on the first page, a section with a subtitle, "Reservations from conveyance and warranty." Do you see that?

A.   Yes, sir.

Q.   And is there any reservation from the conveyance shown on the face of that deed?

A.   Yes, sir.

Q.   And what is that?

A.   A full possession benefit in use of Tract 2 for the remainder of the life of grantor as a life estate.

Q.   Does that comport with what you were instructed to do on the intake sheet that you have, Exhibit No. 1?

A.   Yes, sir, with the exception of the acreage. This says four-and-a-half acres on this sheet, and Tract 2 consists of two acres.

Q.   Other than that, is there any difference between what the instructions show on Exhibit No. 1 and what the deed provides?

A.   No, sir.

Q.   All right. And is there any reference in the deed itself to any mineral reservation?

A.   No, sir.

Q.   And does that comply with the instructions you received or the information you had for purpose of preparation of documents?

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 20

A.   Yes, sir.

Q.   Did the parties initial that deed?

A.   Yes, sir.

Q.   Now, at the time that the parties signed this document, I notice that there appears to be four initials, correct?

A.   That is correct.

Q.   Do you know whether or not all four parties were present at the same time or if those initials were placed on the document at different times?

A.   I don't recall.

Q.   Do you have any personal recollection of whether the Jessups and the Alfords were ever together in your office at the same time?

A.   I don't recall.

Q.   Do you have any recollection of any conversation between the Jessups and the Alfords?

A.   No, sir.

Q.   Do you have any recollection of anything that the Jessups may have ever said to you about this transaction?

A.   No, sir.

Q.   Do you have any recollection of anything that the Alfords may have said to you about this transaction?

A.   No, sir.

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 21

Q. Okay. At the time this document, Exhibit No. 2, was drafted by you, was it your intent to provide in this document any type of reservation of minerals by the Jessups?

A. No, sir.

Q. Now, let's look at the -- an attachment to Exhibit No. 2 under Tract 1. And is there, in that description under Tract 1, any reference to a reservation of minerals?

A. Yes, sir.

Q. All right. Did you know that that reference to a reservation of minerals was in that description at the time this document was prepared?

A. No, sir.

Q. Okay. Can you explain to us how it was that that description with that reference to a reservation of minerals came to be attached to this deed?

A. Well, I would have made a copy from the previous deed of the description to the property at -- that was my intention, that apparently there -- I left in the mineral reservation that was on that previous deed. Because it looks like it just continues down that page.

Q. Okay. And was that intentional in any way?

A. No, sir.

Q. Did you believe at the time that you attached

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 22

that description, which included that reference to a mineral reservation, that you were carrying out the wishes of either of the parties?

A. Can you restate that for me?

Q. Did you believe, at the time that you attached that description that contained that mineral reservation, that you were carrying out what the intent of the parties was?

A. No, sir.

(Exhibit 3 marked.)

Q. Let me show you what's been marked as Exhibit No. 3. And that's an older deed. Do you recognize it?

A. That is -- appears to be the same description that I copied from --

Q. Okay.

A. -- for this exhibit.

Q. Okay. Does that appear to be the source of the description that you copied and placed on -- attached to under the title Tract 1 under the deed that you prepared?

A. Yes, sir.

Q. Okay. By the way, there's a reference here. It says -- somebody -- it appears that somebody handwrote in "Tract 1" and underlined it. Do you know who wrote that in?

A. That was me.

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 23

Q. And that was not part of the portion that you actually copied, correct?

A. No, sir.

Q. Now, when we say copied, are we referring to you looking at it and then retyping it, or are we talking about you actually photocopying the prior deed?

A. I photocopied the prior deed.

Q. And does the description that's shown on Exhibit 2 under Tract 1, does it contain everything that the description in the prior deed has?

A. Yes, sir, with the exception of where I wrote in Tract 1.

Q. Well, go ahead and look in the second page of Exhibit No. 3.

A. No, sir. This part is not included.

Q. So there's a portion of the property description that refers to a mineral reservation shown in the prior deed, which is Exhibit No. 3, that was not actually copied into this deed that you did, correct?

A. Yes, sir.

Q. Okay. Now, you apparently notarized or were the notary on -- as to -- or took the signatures of the Jessups, correct?

A. Yes, sir. According to this.

Q. Do you have any recollection of actually doing

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 24

that?

A. No, sir.

Q. Okay. Can you tell me today, of your own memory, what either Mr. or Mrs. Jessup looked like, their appearance, anything about them?

A. No, sir.

Q. Just a complete blank?

A. Yes, sir.

Q. All right. And I assume from your answers and your previous answers, that you have no recollection of either the Jessups or the Alfords asking you any questions, correct?

A. No, sir.

Q. Was it your practice when you -- or participated in the signing of a document and acted as a notary to go over the terms of the document with the parties?

A. Yes, sir.

Q. Was that always your practice?

A. Yes, sir.

Q. Was that simply that you did as a matter of your personal choice or was that something that you were instructed that you must do?

A. Mr. Muckelroy had me do that.

Q. Okay. And what would you typically do when

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 25

parties were sitting in front of you and getting ready to sign a document like a deed or a deed of trust?

A. Well, I would actually go over the entire document with them. I would present the document. And I'd say, this is the -- in this particular case, warranty deed with the vendor's lien, I would go over grantor's name, grantee's name, the consideration, each property description that was listed, the reservations that were listed. I would read that over to them and ask if that was correct, if there were any additional reservations to the conveyance and warranty. We would go over if -- if there was a mention of any kind of tax proration or anything, we would mention that at the time. And I would ask them if they had any questions before signing.

Q. In conjunction with the signing of this deed, Exhibit No. 2 --

A. Yes, sir.

Q. -- did you tell either the Jessups or the Alfords that there is some language in this property description as to Tract No. 1 about the grantors reserving a mineral reservation?

A. No, sir.

Q. And why did you not tell them that?

A. Because there was no reservation listed here, and we would have had a reservation listed here if that

CHARLES AND MARY LOU ALFORD vs. ROBERT THOMAS McKEITHEN
Connie Vaughn on 01/30/2013

Page 26

would have been the intention of this document.

Q. Were you even aware at the time you went over this document with them that this reference to a mineral reservation shown under Tract 1 on the attached page was even there?

A. No, sir.

Q. Okay. After this document was prepared, do you know what happened to them, this deed that's Exhibit No. 2, and there was also a deed of trust, and a note signed at the same time, do you know what was done with those documents?

A. I can't say for sure with this set of documents. I don't recall, you know. But it appears here that we accepted $270 for preparation with no collection for recording fees.

Q. Okay. So you conclude from that what?

A. That the party would have taken the documents to have them recorded themselves.

Q. All right. And let's talk about that reference to the $270. There's a date and there's a check number. Do you know who wrote that on there?

A. That is my handwriting.

Q. Can you tell from that who actually made payment to you?

A. No, sir.

| | | |
|---|---|---|
| CHARLES and MARY LOU ALFORD, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| vs. | § § | OF |
| ROBERT THOMAS McKEITHEN, EOG RESOURCES, INC., and CENTRAL TEXAS LAND SERVICES | § § § § § § | |
| Defendants. | § § | SAN AUGUSTINE COUNTY, TX |

## ORDER DENYING THE ALFORDS' MOTION FOR SUMMARY JUDGMENT

Before the Court is the Alfords' motion for summary judgment. After considering the pleadings, the parties' briefs, the arguments of counsel, and the relevant authorities, the Court DENIES the motion.

So ORDERED, _____10/24_____, 2013.

_____
JUDGE PRESIDING

NO. CV-12-9344

| | | |
|---|---|---|
| CHARLES and MARY LOU ALFORD, Plaintiffs | § | IN THE DISTRICT COURT |
| VS. | | |
| ROBERT THOMAS McKEITHEN, EOG RESOURCES, INC., and CENTRAL TEXAS LAND SERVICES, | § | OF |
| Defendants | § | SAN AUGUSTINE COUNTY, TEXAS |

## PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, CHARLES and MARY LOU ALFORD, hereinafter referred to as "Plaintiffs," complaining of ROBERT THOMAS McKEITHEN, EOG RESOURCES, INC., and CENTRAL TEXAS LAND SERVICES, hereinafter referred to as "Defendants," and for cause of action show as follows:

1.
### DISCOVERY

Plaintiffs intend to conduct discovery under Discovery Plan Level 2.

2.
### JURISDICTION

This Court has jurisdiction over the subject matter of this case as well as jurisdiction over the parties.

## 3.
## VENUE

Venue is proper under TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 15.002 and 15.011.

## 4.
## PARTIES

Plaintiffs are residents of San Augustine County, Texas.

Defendant Robert Thomas McKeithen is a resident of Nacogdoches County, Texas, and is before this Court for all purposes. The defendant is named in this suit in (1) his representative capacity as the Independent Administrator of the Estate of Jack Pershing Jessup, Deceased; (2) his capacity as Guardian of the Estate of Jack Pershing Jessup; and (3) in his individual capacity as an heir or beneficiary of the decedent to the extent that he individually succeeds to the rights and obligations of Jack Pershing Jessup and has personally benefitted from claims of ownership to the minerals in question in this suit, including collection of lease bonuses, royalties, or other consideration as a result of ownership of the minerals in question.

Defendant EOG Resources, Inc., is a corporation organized and existing under the laws of the State of Delaware, and is before this Court for all purposes.

Defendant Central Texas Land Services is an assumed name of R. W. Hamilton, Jr. and Sabrina L. Hamilton and is before this Court for all purposes.

## 5.
## FACTS

Plaintiffs and Jack Jessup and Annie Elizabeth Jessup were neighbors and friends for many years. On April 25, 2003, Jack Jessup and his wife, Annie Elizabeth Jessup, executed a Warranty Deed with Vendor's Lien (hereafter referred to as "the deed") conveying to Plaintiffs three tracts of

Page 2
Alford v McKeithen, et al
3d Amnd Petn

real property in San Augustine County, Texas. A true and correct copy of the deed is attached to this petition, incorporated by reference, and marked as Exhibit A. The three tracts conveyed are identified by description attached are "Tract One" consisting of 117.50 acres of land; "Tract Two" consisting of 2 acres, more or less; and "Tract Three" consisting of Jack P. Jessup's undivided interest in and to 9 acres out of a 110.5 acre tract in San Augustine County. The Jessups resided on the two acre tract.

The Jessups and the Alfords went to the law offices of Ken Muckelroy in San Augustine County, Texas, to give instructions regarding the drafting of legal documents to perform their agreement to sell and purchase the three tracts. They explained that the Alfords were purchasing the three tracts described in the deed, with $70,000 paid up front and a balance of $70,000 paid in annual installments of $10,000, the balance bearing no interest, and that the Jessups were reserving a life estate on their house and two acres of land sold. No mention was made of a mineral reservation.

The deed itself, on which the parties placed their initials at a section entitled "Reservations From Conveyance and Warranty," shows their agreement. The sole reservation was the statement that there existed "a reservation of the full possession, benefit, and use of Tract Two for the remainder of the life of Grantor, as a life estate."

In supplying a legal description of Tract One the drafter of the deed attached a property description taken from a prior conveyance to Jack Jessup by T.B. Fountain and wife, Minnie Fountain, C.C. Burns and wife, Mary Burns, and J.S. Jessup and wife, Una Jessup, of the 117.5 acre tract. That deed was executed on May 24, 1950 and is filed of record in Vol.105, Page 498, Deed Records of San Augustine County, Texas.

The earlier deed included a reservation of minerals. The drafter inadvertently included this mineral reservation by copying some but not all of the description used in the earlier 1950 deed. No reservation was agreed by the Jessups and the Alfords, but rather was inserted as a result of an error by the drafter or scrivener of the deed.

6.

REQUEST FOR DECLARATORY JUDGMENT
THAT THE WARRANTY DEED BY THE JESSUPS TO PLAINTIFFS
DID NOT RESERVE ANY OIL, GAS OR OTHER MINERALS
AS A MATTER OF LAW UNDER ITS PROVISIONS

The deed from the Jessups to Plaintiffs is not ambiguous and can be construed by the Court from the language they used within the four corners of the document. Under the terms of the deed itself there was no reservation of oil, gas, or other minerals by the Jessups. The property description attached was incorporated solely for the purpose of providing a metes and bounds description of the tracts conveyed. It does not reserve any mineral interests in the Jessups, despite the error in copying the entire description, including a reference to a reservation of minerals, because the attachment containing that reference was not incorporated for the purpose of providing a substantive provision in the deed.

Plaintiffs request that the Court construe the deed in question and judicially find and declare, under the authority granted the Court by Chapter 38, TEXAS CIVIL PRACTICE & REMEDIES CODE, that under the terms of the deed itself that the grantors, Jack and Annie Elizabeth Jessup, did not reserve or retain any interest in the oil, gas, and other minerals in or under the tracts of land described therein.

## MUTUAL MISTAKE

### 7.
## THE RESERVATION OF MINERALS IN THE DEED
## WAS PRODUCT OF MUTUAL MISTAKE

The deed as drafted does not contain the "true agreement" of the parties because it refers to a mineral reservation in the attached property description that was not part of the bargain of the parties. The instruction to the drafter or scrivener was that the only reservation by the sellers was of a life estate. The initials of the parties on the face page of the deed of conveyance showed that the only reservation they agreed to was of a life estate for the Jessups. Jack Jessup and Annie Elizabeth Jessup knew at the time of the conveyance that there was no agreement to reserve the minerals because they had instructed the draftsman otherwise. Therefore, while the mistake may not have been pointed out to them they had knowledge that there was no agreement for a reservation of minerals; therefore, any mistake was mutual.

The parties went together to the office of the drafter or scrivener of the deed to have the deed prepared and neither party solely employed him. Thus, no error or mistake by the draftsman can be attributed solely to one of the parties.

### 8.
## THE DEED SHOULD BE REFORMED TO REFLECT THE
## TRUE INTENT OF THE PARTIES

When an instrument does not reflect the true agreement of the parties because of an error by the drafter or scrivener, a mutual mistake occurs. In that case the deed should be reformed to reflect the actual intent and agreement of the parties as of the date the deed was made. Any reformation of the deed relates back to the date of its execution. Plaintiffs request that the Court find that the

Page 5
Alford v McKeithen, et al
3d Amnd Petn

Warranty Deed with Vendor's Lien executed on April 25, 2003, and filed of record on the 25th day of April, 2003, in the office of the County Clerk of San Augustine County, Texas, under File No. 7437, was the product of mutual mistake and order it reformed to correctly reflect the actual agreement of the parties.

To reform the deed in such a manner requires only that the Court order that the following portion of the property description under Tract One be deleted and removed from the deed and of no force and effect:

> It is hereby understood and agreed by and between the parties hereto that the grantors herein reserve in their own right one half of all mineral rights of every kind and character which may be on or under the above described tract of land with the right of ingress and egress over and on said land for the purpose of mining and drilling for oil and other minerals without interference of assigns or his assigns.

9.
## DISCOVERY OF CLAIM FOR MUTUAL MISTAKE

Plaintiffs were at all times aware of the actual terms of their agreement with the Jessups to purchase the property in question in this suit. They were also aware of the terms of the deed to which they had affixed their initials, but not aware that a mineral reservation contained in an earlier description from an old deed was attached to their deed. They did not discover, and could not have discovered by the exercise of reasonable diligence this error, prior to 2011. In fact, they had leased the minerals themselves in 2007 after it was represented to them by Defendant Central Texas Land Services that they owned the minerals. They learned in 2010 that an oil and gas producer had leased these minerals in and under their land and claimed that Plaintiffs were not the owners.

## DECLARATORY JUDGMENT

### 10.
### CLAIM FOR MANDATORY INJUNCTION OR, IN THE ALTERNATIVE, DECLARATORY JUDGMENT

The debtors (Plaintiffs) on the note executed to Jack P. Jessup and wife, Annie Elizabeth Jessup, on April 25, 2003, have fully paid and satisfied the promissory note and are entitled to a release of the vendor's lien and deed of trust lien. Plaintiffs have requested a release of those liens and submitted a proposed release to the defendant, Robert Thomas McKeithen. Defendant has failed and refused to execute and return the proposed Release of Liens. Plaintiffs request that the Court issue a mandatory injunction ordering said defendant to execute and deliver a release of the liens referred to above. In the alternative, Plaintiffs request that the Court find and judicially declare in its judgment that the liens referred to above have been satisfied in full and are declared released and authorize Plaintiffs to record the judgment in the Official Public Records of San Augustine County, Texas, in the office of the County Clerk.

### 11.
### CLAIM FOR DECLARATORY JUDGMENT REGARDING OWNERSHIP OF MINERALS

Plaintiffs incorporate the factual allegations set out above as a basis for their alternative claim for Declaratory Relief. They bring this claim under Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. They are persons interested under a will, written contract, or other writing whose rights, status, or legal relations are affected under that contract or writing. They seek a determination of their rights under § 37.04 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

In the alternative to their pleadings of mutual mistake and request for reformation set out in

Sections 6-8 of this petition, Plaintiffs show that even if they are unable to reform the Jessup deed to them based on mutual mistake there is a dispute over what minerals they own and they are entitled to a construction of the rights of the parties under that deed. Specifically, they show that the description mistakenly used for Tract One reserved in the grantors only "one-half of all mineral rights," and thereby Plaintiffs were vested with, at a minimum, one-half of the mineral interest that the Jessups owned as of the date of conveyance. The reservation states:

> It is hereby understood and agreed by and between the parties hereto that the grantors herein reserve in their own right one half of all mineral rights of every kind and character which may be on or under the above described tract of land with the right of ingress and egress over and on said land for the purpose of mining and drilling for oil and other minerals without interference of assigns or his assigns.

12.
## NECESSITY FOR DECLARATORY RELIEF REGARDING 117.5 ACRE TRACT AND EOG RESOURCES, INC.

Defendant refuses to acknowledge that, at a minimum, Plaintiffs own one-half of the oil, gas and other minerals that the Jessups owned as of the date of their conveyance of the 117.50 acre tract to them. While acting as the Guardian of the Estate of Jack P. Jessup, McKeithen executed a lease agreement with EOG Resources, Inc., leasing all the minerals in and under the 117.50 acre tract even though he does not own them all. There is a question of construction and interpretation of the effect of the deed from the Jessups to the Alfords that is suitable for determination by this Court. Plaintiffs request that the Court judicially find and declare, if they are not entitled to reformation of the deed, that Plaintiffs own one-half of all the minerals which Jack Pershing Jessup owned at the time of the deed.

13.
## DECLARATORY RELIEF REGARDING
## TWO-ACRE TRACT AND CENTRAL TEXAS LAND SERVICES

The only reservation of minerals contained in the deed from the Jessups to Plaintiffs referred to reserving one-half of all mineral rights "which may be on or under the above described tract of land." The "above described tract of land" was what was identified as "Tract One," consisting of 117.5 acres. Tract Two, consisting of two acres, more or less, followed that statement and could not be considered to be the "above described tract." Therefore, there is no construction of the deed itself that reserves to the Jessups the minerals in and under the two-acre tract, "Tract Two." Nonetheless, the Jessups entered into an Oil and Gas Lease with Central Texas Land Services on or about March 12, 2008, for a term of three (3) years. Since the Jessups had not reserved any oil, gas, or other minerals in and under that two-acre tract, and a life estate gives the life tenant no authority or power to lease the minerals without joinder of the remainderman (Plaintiffs did not join), and since the deed should be reformed due to mutual mistake, that Oil, Gas, and Mineral Lease has no effect on the rights of Plaintiffs other than to cloud this title to those minerals. Plaintiff requests that the Court judicially find and declare that they are, and have been at all times since April 25, 2003, the owners of all right, title and ownership interest in oil, gas, and other minerals the Jessups may have owned in and under the two-acre tract identified as "Tract Two" in the deed.

14.
## CLAIM AGAINST ROBERT THOMAS MCKEITHEN
## BY TRESPASS TO TRY TITLE

Plaintiffs bring suit against Defendant Thomas Robert McKeithen, in the alternative, by a trespass to try title action. They show that they were at all times material to this suit, and are, the

owners in fee simple of three tracts of land located in San Augustine County, Texas, said tracts described more fully in Exhibit A attached to this pleading, and all improvements thereon, together with all the ownership interest in all oil, gas and other minerals which their grantors, Jack Jessup and Annie Elizabeth Jessup, owned in and under said tracts. On July 13, 2010, Plaintiffs were, and still are, legally entitled to possession of the tracts described in Exhibit A. On that date, Defendant McKeithen wrongfully entered upon the subject properties and now continues to withhold possession from Plaintiffs from all or a part of the premises.

Defendant McKeithen has used and occupied the tracts of land described in Exhibit A attached since July 13, 2010. During that time period he has received compensation for leasing the oil, gas, and other minerals in and under those tracts, has exercised control over those interests by conveying the right to mine, drill and otherwise exploit and remove those interests, and has received royalties from Defendant EOG for the sale and removal of natural gas and other oil, gas, and minerals in and under one or more of those tracts. The value of his use and occupancy of those tracts, and the value of the oil, gas, and other minerals removed, is within the subject matter jurisdiction and jurisdictional monetary limits of this Court.

Despite notice by Plaintiffs of their claim of ownership and exclusive right to possession of the tracts in question Defendant McKeithen has failed to vacate the premises. Plaintiffs should recover judgment that the Plaintiffs' claim of ownership in and to the mineral interests in and under the tracts in question as superior to that of Defendant McKeithen.

## 15.
## CLAIM AGAINST DEFENDANT EOG FOR REMOVAL OF OIL, GAS OR OTHER MINERALS

Plaintiffs, upon learning that Defendant EOG was possibly taking a position that Plaintiffs did not own the oil, gas, and other minerals in and under the tracts of land described in Exhibit A, gave direct, specific notice to agents or employees of EOG of their claim of ownership of those interests. Despite actual notice of Plaintiffs' claims, and even after assuring Plaintiffs that no oil, gas or other minerals would be taken and removed from the tracts in question until the issue of ownership was legally resolved, EOG nonetheless went onto the premises and commenced drilling activities, completed a well, and has since removed oil, gas, and other minerals without Plaintiffs' consent. Plaintiffs bring suit against Defendant EOG for the fair market value of the oil, gas, and mineral products removed by EOG from the tracts in question without any reduction for costs of production. Plaintiffs further show that they entered into a lease agreement themselves with EOG and that under the terms of that lease agreement EOG is obligated to compensate them for any oil, gas, and other minerals it removes, that EOG has failed and refused to compensate them for those removed products, that such failure and refusal is a breach of contract between Plaintiffs and EOG.

## 16.
## CLAIM FOR DECLARATORY RELIEF AGAINST DEFENDANT EOG RESOURCES, INC.

Defendant EOG Resources, Inc., entered into an Oil, Gas, and Mineral Lease agreement with Defendant McKeithen, which purports to lease to it all the oil, gas and other minerals which were owned by the Jessups in and under the 117.5 acre tract identified in the deed "Tract One." Plaintiffs contend that as a result of mutual mistake the Warranty Deed with Vendor's Lien executed by the

Jessups does not reflect the true agreement of the parties and should be reformed to show that they acquired all mineral interest in the 117.5 acre tract which the Jessups owned. In such an event, Defendant EOG has not dealt with the true owner of the minerals in and under that tract by entering into a lease with Defendant McKeithen. Plaintiffs seek a declaratory judgment that Defendant EOG has no valid lease agreement as to those minerals.

In the alternative, should the Court fail to reform the deed as requested, but judicially find and declare that the plaintiffs are the owners of one-half of the oil, gas, and other minerals owned by the Jessups at the time of the execution of the Warranty Deed with Vendor's Lien to them, Plaintiffs seek a declaratory judgment that (1) they are the owners of one-half of all the oil, gas, and other minerals in and under the 117.5 acre tract which the Jessups owned as of the date of that deed, and (2) that the lease between Defendant EOG and Defendant McKeithen does not affect their rights as the owners of one-half of those minerals.

## 17.
## CLAIM FOR ATTORNEY'S FEES UNDER THE DECLARATORY JUDGMENT ACT AGAINST DEFENDANT EOG

Plaintiffs are parties interested under a deed, written contract, or other writing whose rights, status, or other legal relations are affected by a contract or lease between Defendant McKeithen and Defendant EOG. They seek a determination of their rights to the oil, gas and other minerals in and under the 117.5 acre tract they acquired from the Jessups. Plaintiffs should be awarded costs and reasonable and necessary attorney's fees from Defendant EOG under § 37.009 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## 18.
## CLAIM FOR ATTORNEY'S FEES UNDER THE DECLARATORY JUDGMENT ACT AGAINST DEFENDANT CENTRAL TEXAS LAND SERVICES

Plaintiffs are parties interested under a deed, written contract, or other writing whose rights, status, or other legal relations are affected by a contract or lease between Defendant McKeithen and Defendant Central Texas Land Services. They seek a determination of their rights to the oil, gas and other minerals in and under the two acre tract they acquired from the Jessups. Plaintiffs should be awarded costs and reasonable and necessary attorney's fees against Defendant Central Texas Land Services under § 37.009 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## 19.
## ATTORNEY'S FEES

Plaintiffs seek recovery of and from the defendants for reasonable and necessary attorney's fees for breach of contract, under the Declaratory Judgments Act, and by way of trespass to try title.

WHEREFORE, Plaintiffs request that the defendants be cited to appear and answer herein, and that upon final hearing the Court find that the Warranty Deed with Vendor's Lien dated April 25, 2003, between Jack Jessup and wife, Annie Elizabeth Jessup, and Charles Alford and wife, Mary Lou Alford, be reformed to reflect the true agreement between the parties that no mineral reservation as to Tract One occurred; that in the alternative, if reformation of the instrument is not granted, the Court judicially find and declare under the Texas Declaratory Judgments Act that under the terms of that deed Plaintiffs acquired one-half of all ownership rights of the Jessups to any oil, gas, and minerals in and under the tract of 117.5 acres described in that deed; that the Court find and judicially declare that there was no reservation of any oil, gas, and other minerals in and under those

tracts of land identified as Tracts Two and Three in the Warranty Deed with Vendor's Lien; that the Court issue a mandatory injunction ordering Defendant McKeithen to execute and deliver a Release of Liens on the property conveyed to the plaintiffs or, in the alternative, the Court find and judicially declare in its judgment that those liens have been satisfied in full and are declared released and authorize Plaintiffs to record the judgment in the Official Public Records of San Augustine County, Texas; that the Court order Plaintiffs' title and ownership interest in the oil, gas and other minerals in and under the tracts in question superior to that of Defendant McKeithen; that Plaintiffs recover all costs and reasonable and necessary attorney's fees against all defendants; that Plaintiffs recover all costs of this proceeding; and that Plaintiffs recover such other relief, whether in law or in equity, as they may be entitled to receive.

Respectfully submitted,

_____

Tom Rorie
State Bar No. 17238000
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on opposing counsel this _____ day of February, 2014, to-wit:

Mr. Jason R. Mills
Mr. Graham K. Simms
Mr. Jeff K. Heck
Freeman Mills PC
110 N. College, Suite 1400
Tyler, TX 75702

Mr. Noel D. Cooper
Law Offices of Noel D. Cooper
117 North Street, Suite 2
Nacogdoches, TX 75961

Mr. Bill McWhorter
Bill McWhorter & Associates
119 North Street, Suite A
Nacogdoches, TX 75961-5200

Tom Rorie

FILE NO. 7437

FILED _____ DAY OF _____, _____
AT 3:00 O'CLOCK P. M.
OIANA KOVAR, COUNTY CLERK
SAN AUGUSTINE CO., TEXAS

BY _____ DEPUTY

## WARRANTY DEED WITH VENDOR'S LIEN

Date: April 25, 2003

Grantor: JACK P. JESSUP AND WIFE, ANNIE ELIZABETH JESSUP

Grantor's Mailing Address (including county): Route 3, Box 484, San Augustine, San Augustine County, Texas 75972

Grantee: CHARLES ALFORD AND WIFE, MARY LOU ALFORD

Grantee's Mailing Address (including county): Route 1, Box 529, San Augustine, San Augustine County, Texas 75972

Consideration:
(1) The sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to Grantor paid, cash in hand, by Grantee herein, the receipt of which is hereby acknowledged; and

(2) A note of even date that is in the principal amount of $80,000.00 and is executed by Grantee, payable to the order of Grantor. It is secured by a vendor's lien retained in this deed and by a deed of trust of even date from Grantee to J. Ken Muckelroy, Trustee.

Property (including any improvements):
TRACT ONE:
BEING 117.50 acres of land, situated on Curtis Jessup Survey, about seven miles west of the town of San Augustine, in San Augustine County, Texas, and being the property described in Deed from T. B. Fountain and wife, Minnie Fountain, C. C. Burns and wife, Mary Burns, and J. S. Jessup and wife, Una Jessup, to Jack Jessup, dated May 24, 1950, recorded in Vol. 105, Page 496, Deed Records, San Augustine County, Texas, and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

TRACT TWO:
BEING 2 acres, more or less, and being all that certain tract, lot or parcel of land, situated in San Augustine County, Texas, and being out of and a part of the Curtis Jessup Survey, about 8 miles West of the town of San Augustine, Texas, and being the property described in Deed from J. S. Jessup (Sharp Jessup) and wife, Una Jessup, to J. P. Jessup and wife, Annie Elizabeth Jessup, dated October 17, 1958, recorded in Vol. 122, Page 206, Deed Records, San Augustine County, Texas, and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

TRACT THREE:
BEING all of Grantors (Jack P. Jessup's) undivided interest in and to 9 acres of that certain 110.5 acre tract as described in Deed of Gift from Jenette Jessup Stotts, Glenn Ray Jessup and Johnnie Doll Jessup Dumesnil, dated June 23, 1982, recorded in Vol. 235, Page 424, Deed Records, San Augustine County, Texas.

Reservations from Conveyance and Warranty: For Grantor, a reservation of the full possession, benefit, and use of Tract Two for the remainder of the life of Grantor, as a life estate.

Exceptions to Conveyance and Warranty:
Easements, rights-of-way and prescriptive rights, whether of record or not; all presently recorded restrictions, reservations, covenants, conditions, oil and gas leases, mineral severances and other instruments, other than liens and conveyances, that affect the property.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and to hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this Deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

_____
JACK P. JESSUP

_____
ANNIE ELIZABETH JESSUP

EXHIBIT A

## TRACT ONE:

tract or parcel of land situated on Curtis Jessup survey about seven miles west of the town of San Augustine, in San Augustine County, Texas. Beginning at the S.W. corner of 112.5 acre survey on the Curtis Jessup survey, Iron rod pine 6" N.48 W.4.7 vrs.B.O.L 4" S.45 E.10 vrs." Thence S.85.W.1001 vrs.to corner an ash N.87 E.3.5/5 vr.corner is on west bank of branch;

Thence with west bdg. of Curtis Jessup survey as follows,to-wit: 1st.N.6 E.352 vrs. 2nd.N.34 E.150 vrs. 3rd.N 9 E.150 vrs.to the ninth corner of the Curtis Jessup survey on the West bank of a branch this is the S.E.corner of a 23 acre survey out of the Curtis Jessup survey.N.W. corner for Willie Nichols witness trees are gone, thence down the said branch which is the E.B.line of the Willie Nichols 23 acre survey as follows,to-wit: 1st. N. 18 E. 20 vrs; 2nd: N.72 E. 45 vrs. 3rd;N. 30 W. 80 vrs. 4th.N.24 E.70 vrs.5th N.29.30 E.120 vrs. 6th.N.16.30.W.30 vrs.7th.N.17.30 W. 185 vrs.to stake on west bank of a branch 28" maple Elm S. 1 E.7.5 vrs; of Nechper creek; Thence N.28 W. 75 vrs.to corner on south bank E.70 vrs.3rd N.60.30 . E.100 vrs.4th.S.62 E.70 vrs. 5th.N.6.690 vrs. 6th. S.51.15 E.30 vrs. to iron stake South Bank,Nechper creek.

Thence S.23.48 W.1173 vrs.to beginning,containing 117.5 acres of land.

It is hereby understood and agreed by and between the parties hereto that the Grantors herein reserves in their own right one half of all mineral rights of every kind and character which may be on or under the above described tract of land with the right of ingress and egress over and on said land for the purpose of mining and drilling for oil and other minerals without interference of assigns or his assigns.

## TRACT TWO:

That certain tract, lot or parcel of land, situated in San Augustine County, Texas, being out of and a part of the Curtis Jessup Survey, about 8 miles West of the town of San Augustine, Texas, and being out of the 1st. tract described in an oil, gas and mineral lease executed by Sharp Jessup and wife, to T. W. Blount and W. F. Hays, recorded in Volume 92, p. 319 of the Deed Records of San Augustine County, Texas, being known as a 75 acre tract, and being 2 acres of land, and thus described:

BEGINNING at a point in the EBL of said 75 acre, S. 24 1/2 deg. East 240 feet from the NE corner of said 75 acre tract in the S.Bank of Nechper Creek (now called Rocky Creek);

THENCE South 24 1/2 deg. E. with the EBL of said 75 acre tract, 300 feet;

THENCE at right angles to said EBL (approximately S. 66 deg. W.) 290 1/2 feet;

THENCE North 24 1/2 deg. West parallel with the EBL of said 75 acre tract 300 feet;

THENCE at right angles (approximately N. 66 deg. East) 290 1/2 feet to the beginning, containing 2 acres, more or less.

EXHIBIT "A"

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE

This instrument was acknowledged before me by JACK P. JESSUP AND WIFE, ANNIE ELIZABETH JESSUP, on this the 25th day of April, 2003.

CONNIE VAUGHN
Notary Public
State of Texas
My Commission Expires
July 2, 2003

NOTARY PUBLIC FOR THE STATE OF TEXAS

PREPARED BY: J. KEN MUCKELROY, ATTORNEY AT LAW, P.C.
104 South Broadway, San Augustine, Texas 75972
Phone: (936) 275-2304 Fax: (936) 275-2305
AFTER RECORDATION, PLEASE RETURN TO J. KEN MUCKELROY, ATTORNEY

mw:\land\jessup-alford.ofcv; JKM/jc

NO. CV-12-9344

| CHARLES and MARY LOU ALFORD, | § | IN THE DISTRICT COURT |
| Plaintiffs | | |
| | | |
| VS. | | |
| | § | OF |
| ROBERT THOMAS McKEITHEN, | | |
| EOG RESOURCES, INC., and | | |
| CENTRAL TEXAS LAND SERVICES, | | |
| Defendants | § | SAN AUGUSTINE COUNTY, TEXAS |

## PLAINTIFFS' FIRST SUPPLEMENTAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

CHARLES and MARY LOU ALFORD, Plaintiffs in the above entitled and numbered cause, file this First Supplemental Petition and show:

1.

The Warranty Deed dated April 25, 2003, from Jack P. Jessup and Annie Elizabeth Jessup to Plaintiffs is ambiguous in that there is a conflict between the terms of the deed itself in which the deed omits any mention of a reservation of minerals and the attached Exhibit "A" which states in the property description that one-half of the minerals are retained by Grantors. The deed is further ambiguous for the reason that Jack P. Jessup and Annie Elizabeth Jessup are identified in the deed itself as "Grantor" while the attached Exhibit "A" refers to those parties who are reserving minerals as "Grantors."

WHEREFORE, Plaintiffs request that the Court file this First Supplemental Petition with Plaintiffs' Original Petition and that Plaintiffs be awarded the relief requested in Plaintiffs' Original

Page 1
Alford v McKeithen et al
1st Supp Petn

Petition, as well as such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

_____
Tom Rorie
State Bar No. 17238000
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on opposing counsel this 30th day of April, 2014, to-wit:

> Mr. Noel D. Cooper
> Law Offices of Noel D. Cooper
> Facsimile (936) 715-6022
>
> Mr. Bill McWhorter
> Bill McWhorter & Associates
> Facsimile (936) 564-6455
>
> Mr. Jason R. Mills
> Mr. Graham K. Simms
> Freeman Mills PC
> Facsimile (903) 592-7787

_____
Tom Rorie

NO. CV-12-9344

| | | |
|---|---|---|
| CHARLES and MARY LOU ALFORD, | § | IN THE DISTRICT COURT |
| Plaintiffs | | |
| VS. | | |
| | § | OF |
| ROBERT THOMAS McKEITHEN, | | |
| EOG RESOURCES, INC., and | | |
| CENTRAL TEXAS LAND SERVICES, | | |
| Defendants | § | SAN AUGUSTINE COUNTY, TEXAS |

## MOTION FOR COURT TO CONSTRUE DOCUMENT PRIOR TO EVIDENCE AND SUBMISSION OF ISSUES TO JURY IN TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, CHARLES ALFORD and MARY LOU ALFORD, hereinafter referred to as "Plaintiffs," and move the Court to construe as a matter of law the Warranty Deed from Jack P. Jessup and Annie Elizabeth Jessup to Charles Alford and Mary Lou Alford dated April 25, 2003, in and support thereof show as follows:

1.

Construction of a document is a matter of law for the court. *Milner v. Milner*, 361 S.W.3d 615 (Tex. 2011). Whether or not a document is ambiguous is to be determined as a matter of law. A ruling by the trial judge as to a proper construction of the deed in question in this suit is necessary to determine the scope of the evidence and the issues that are to be submitted to the jury chosen in this case.

2.

Plaintiffs have alleged the deed is ambiguous by their Supplemental Pleading of Ambiguity. Defendant EOG has plead ambiguity in its "EOG and Central Texas's Response to Plaintiffs' Motion for Summary Judgment." Defendant McKeithen has plead ambiguity in his "Defendant Robert Thomas McKeithen's Response to Plaintiffs' Motion for Summary Judgment." A court may find an agreement ambiguous even if the parties have not raised that issue. *Milner v. Milner*, 361 S.W.3d 615, 619 (Tex. 2011); *May v. Buck*, 375 S.W.3d 568 (Tex.App.–Dallas 2012, no writ hist.).

3.

A copy of the deed to be construed is attached to this motion as Exhibit 1. The material provisions of the deed to be construed by the Court are the following:

(1)     The Jessups are identified as "Grantor" in the Warranty Deed itself. In the attached Exhibit "A" the description for "Tract 1," in which a reservation of minerals is included, refers to "Grantors." Therefore, the deed is ambiguous in that the party identified in the deed itself may not be the same parties identified in the property description;

(2)     The deed itself, in the section entitled "Reservations from Conveyance and Warranty," expressly retains for Grantors a life estate, but makes no mention of a reservation of minerals, while the description for "Tract 1" attached to the deed refers to a reservations of minerals; therefore, the deed is ambiguous as to the intent of the parties as to whether the Jessups reserve minerals;

(3)     The deed itself only incorporates by its language the attached Exhibit "A" for the express purpose of providing a description of the property; therefore, any language in that description

that refers to a reservation of minerals is surplusage and should be disregarded by the Court. In this regard Plaintiffs rely on the authorities and argument contained in Plaintiffs' Motion for Summary Judgment. The court should construe the document and make a finding on the record of whether the language in Exhibit "A" that mentions a mineral reservation is, as a matter of law, incorporated into the deed itself.

4.

Plaintiffs request that, before the opening statements by counsel and the admission of evidence in the case, the Court construe the deed and attachment as a matter of law and put on the record of the case its construction and ruling.

WHEREFORE, Plaintiffs request that the Court construe the Warranty Deed in question in this suit as a matter of law and put its ruling on the record of the case.

Respectfully submitted,

Tom Rorie
State Bar No. 17238000
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099
**ATTORNEY FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on opposing counsel this 30th day of April, 2014, to-wit:

Page 3
Alford v McKeithen
Mtn Construe Document

Mr. Noel D. Cooper
Law Offices of Noel D. Cooper
Facsimile (936) 715-6022

Mr. Bill McWhorter
Bill McWhorter & Associates
Facsimile (936) 564-6455

Mr. Jason R. Mills
Mr. Graham K. Simms
Freeman Mills PC
Facsimile (903) 592-7787

Tom Rorie

FILE NO. 7437
FILED 25th DAY OF Apr. 2003
AT 3:00 O'CLOCK P. M.
DIANA KOVAR, COUNTY CLERK
SAN AUGUSTINE CO., TEXAS
BY _____ DEPUTY

## WARRANTY DEED WITH VENDOR'S LIEN

**Date:** April 25, 2003

**Grantor:** JACK P. JESSUP AND WIFE, ANNIE ELIZABETH JESSUP

**Grantor's Mailing Address (including county):** Route 3, Box 484, San Augustine, San Augustine County, Texas 75972

**Grantee:** CHARLES ALFORD AND WIFE, MARY LOU ALFORD

**Grantee's Mailing Address (including county):** Route 1, Box 529, San Augustine, San Augustine County, Texas 75972

**Consideration:**

(1) The sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to Grantor paid, cash in hand, by Grantee herein, the receipt of which is hereby acknowledged; and

(2) A note of even date that is in the principal amount of $80,000.00 and is executed by Grantee, payable to the order of Grantor. It is secured by a vendor's lien retained in this deed and by a deed of trust of even date from Grantee to J. Ken Muckelroy, Trustee.

**Property (including any improvements):**

**TRACT ONE:**
BEING 117.50 acres of land, situated on Curtis Jessup Survey, about seven miles west of the town of San Augustine, in San Augustine County, Texas, and being the property described in Deed from T. B. Fountain and wife, Minnie Fountain, C. C. Burns and wife, Mary Burns, and J. S. Jessup and wife, Una Jessup, to Jack Jessup, dated May 24, 1950, recorded in Vol. 105, Page 498, Deed Records, San Augustine County, Texas, and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

**TRACT TWO:**
BEING 2 acres, more or less, and being all that certain tract, lot or parcel of land, situated in San Augustine County, Texas, and being out of and a part of the Curtis Jessup Survey, about 8 miles West of the town of San Augustine, Texas, and being the property described in Deed from J. S. Jessup (Sharp Jessup) and wife, Una Jessup, to J. P. Jessup and wife, Annie Elizabeth Jessup, dated October 17, 1958, recorded in Vol. 122, Page 205, Deed Records, San Augustine County, Texas, and being more particularly described by metes and bounds on Exhibit "A" attached hereto.

**TRACT THREE:**
BEING all of Grantors (Jack P. Jessup's) undivided interest in and to 9 acres of that certain 110.5 acre tract as described in Deed of Gift from Jenettie Jessup Stotts, Glenn Ray Jessup and Johnnie Dell Jessup Dumesnil, dated June 23, 1982, recorded in Vol. 235, Page 424, Deed Records, San Augustine County, Texas.

**Reservations from Conveyance and Warranty:** For Grantor, a reservation of the full possession, benefit, and use of Tract Two for the remainder of the life of Grantor, as a life estate.

**Exceptions to Conveyance and Warranty:**
Easements, rights-of-way and prescriptive rights, whether of record of not; all presently recorded restrictions, reservations, covenants, conditions, oil and gas leases, mineral severances and other instruments, other than liens and conveyances, that affect the property.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and to hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's lien against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this Deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

JACK P. JESSUP

ANNIE ELIZABETH JESSUP

EXHIBIT 1

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE

This instrument was acknowledged before me by JACK P. JESSUP AND WIFE, ANNIE ELIZABETH JESSUP, on this the 25th day of April, 2003.

CONNIE VAUGHN
Notary Public
State of Texas
My Commission Expires
July 2, 2003

NOTARY PUBLIC FOR THE STATE OF TEXAS

PREPARED BY: J. KEN MUCKELROY, ATTORNEY AT LAW, P.C.
104 South Broadway, San Augustine, Texas 75972
Phone: (936) 275-2304 Fax: (936) 275-2305
AFTER RECORDATION, PLEASE RETURN TO J. KEN MUCKELROY, ATTORNEY

rmv:\e:\land\jessup-alford.of\w; JKM; TC

## TRACT ONE:

tract or parcel of land situated on Curtis Jessup survey about seven miles west of the town of San Augustine, in San Augustine County, Texas. Beginning at the S.W. corner of 112.5 acre survey on the Curtis Jessup survey, Iron Rod pine 6" N.48 W.4.7 vrs.;B.O.L 4" S.15 E.10 vrs.; Thence S.85.W.1001 vrs.to corner an ash N.57 E.S.5/5 vr.corner is on west bank of branch;

Thence with west bdg. of Curtis Jessup survey as follows, to-wit: 1st.N.6 E.352 vrs...2nd.N.34 E.150 vrs., 3rd.N 9 E.88 vrs.to the ninth corner of the Curtis Jessup survey on the West bank of a branch this is the S.E.corner of a 23 acre survey out of the Curtis Jessup survey,N.W. corner for Willie Nichols witness trees are gone, thence down the said branch which is the E.B.line of the Willie Nichols 23 acre survey as follows, to-wit: 1st: N. 18 E. 26 vrs; 2nd; N.72 E. 45 vrs. 3rd;N. 30 E. 80 vrs 4th.N.24 E.70 vrs.5th N.29.30 E.120 vrs. 6th.N.16.30.W.80 vrs.7th.N.17.30 W. 185 vrs.to stake on west bank of a branch 28" M.xXx Elm S. 1 E.7.5 vrs; Thence N.28 W. 75 vrs.to corner on South bank of Neciper creek; Thence up said creek, lat.84.30 E.124 vrs. 2nd.S.80.30 E.70 vrs.3rd N.60.30 . E.100 vrs.4th.S.62 E.70 vrs. 5th.N.6590 vrs. 6th. S.61.15 E.80 vrs. to iron stake South Bank, Neciper creek.
Thence S.25.45 W.1173 vrs.to beginning, containing 117.5 acres of land.

It is hereby understood and agreed by and between the parties hereto that the grantors herein reserves in their own right one half of all mineral rights of every kind and charactor which may be on or under the above described tract of land with the right of ingress and egress over and on said land for the purpose of mining and drilling for oil and other minerals without interference of assigns or his assigns.

## TRACT TWO:

that certain tract, lot or parcel of land, situated in San Augustine County, Texas, being out of and a part of the Curtis Jessup Survey, about 8 miles West of the town of San Augustine, Texas, and being out of the 1st. tract described in an oil, gas and mineral lease executed by Sharp Jessup and wife, to T. W. Blount and W. E. Hays, recorded in Volume 92, p. 319 of the Deed Records of San Augustine County, Texas, being known as a 75 acre tract, and being 2 acres of land, and thus described:

BEGINNING at a point in the EBL of said 75 acre, S. 24 1/2 deg. East 240 feet from the NE corner of said 75 acre tract in the S.Bank of Neciper Creek (now called Rocky Creek);

THENCE South 24 1/2 deg. E. with the EBL of said 75 acre tract, 300 feet;

THENCE at right angles to said EBL (approximately S. 66 deg. W.) 290 1/2 feet;

THENCE North 24 1/2 deg. West parallel with the EBL of said 75 acre tract 300 feet;

THENCE at right angles (approximately N. 66 deg. East) 290 1/2 feet to the beginning, containing 2 acres, more or less.

EXHIBIT "A"



NO. CV-12-9344

| | | |
|---|---|---|
| CHARLES and MARY LOU ALFORD,<br>Plaintiffs | § | IN THE DISTRICT COURT |
| VS. | | |
| | § | OF |
| ROBERT THOMAS McKEITHEN,<br>EOG RESOURCES, INC., and<br>CENTRAL TEXAS LAND SERVICES,<br>Defendants | § | SAN AUGUSTINE COUNTY, TEXAS |

**FILED**
A 3:00 O'CLOCK P M
5 - 7 20 14
JEAN STEPTOE District Clerk
SAN AUGUSTINE, TEXAS
BY _____

## ORDER ON CONSTRUCTION BY COURT OF WARRANTY DEED FROM JACK P. JESSUP AND ANNIE ELIZABETH JESSUP TO CHARLES ALFORD AND MARY LOU ALFORD DATED APRIL 25, 2003

On this the ____6____ day of May, 2014, came on to be considered Plaintiffs' Motion for Court to Construe Document Prior to Evidence and Submission of Issues to Jury in Trial. All parties were present and also appeared by and through counsel of record. The Court considered the motion, the arguments of counsel and the authorities provided by them, and makes the following ruling and order:

It is ORDERED that the Warranty Deed from Jack P. Jessup and Annie Elizabeth Jessup to Charles Alford and Mary Lou Alford dated April 25, 2003, is, as a matter of law:

Ambiguous ____✓____          Not Ambiguous _____

It is further ORDERED that under the rules of construction of documents that the language stating a mineral reservation found in the description of a 117 acre tract described as Tract 1 in Exhibit "A" attached to that deed:

Is Incorporated into the Deed ____✓____ Is not Incorporated into the Deed _____

SIGNED this the ___6___ day of May, 2014.

JUDGE PRESIDING

## CAUSE NO. CV-12-9344

| | | |
|---|---|---|
| CHARLES and MARY LOU ALFORD | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | |
| ROBERT THOMAS McKEITHEN; | § | OF |
| EOG RESOURCES, INC.; and | § | |
| CENTRAL TEXAS LAND SERVICES | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | SAN AUGUSTINE COUNTY, TEXAS |

FILED
AT 1:15 O'CLOCK P. M.
5-7 20 14
JEAN STEPTOE District Clerk
SAN AUGUSTINE, TEXAS
BY _____

## CHARGE OF THE COURT

**LADIES AND GENTLEMEN OF THE JURY:**

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. [The Court will give you a number where others may contact you in case of an emergency.]

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.

---

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence [unless you are told otherwise]. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence [unless you are told otherwise].

7. The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

8. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

9. Do not answer questions by drawing straws or by any method of chance.

10. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

11. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

12. The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

CHARGE OF THE COURT

2/10

Presiding Juror:

1.  When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.  The presiding juror has these duties:

    a.  have the complete charge read aloud if it will be helpful to your deliberations;

    b.  preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

    c.  give written questions or comments to the bailiff who will give them to the judge;

    d.  write down the answers you agree on;

    e.  get the signatures for the verdict certificate; and

    f.  notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

Instructions for Signing the Verdict Certificate:

•   You may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

•   If 10 jurors agree on every answer, those 10 jurors sign the verdict.

•   If 11 jurors agree on every answer, those 11 jurors sign the verdict.

•   If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

•   All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.



JUDGE PRESIDING

---

04/24/2015  10:46  SANAGUSTINE COUNTY DIST CLERK  (FAX)936 275 2389  P.004/011

## DEFINITIONS

Throughout this charge, the following terms shall have the meaning indicated:

1. "The Alfords" means the Plaintiffs Charles Alford and Mary Lou Alford.

2. "The Jessups" means Jack P. Jessup and Annie Elizabeth Jessup.

3. "McKeithen" means Defendant Robert Thomas McKeithen, in all his capacities.

4. "EOG" means Defendant EOG Resources, Inc.

5. "Central Texas Land Services" means Defendant Central Texas Land Services.

6. The "Deed" means the April 25, 2003 Warranty Deed with Vendor's Lien from the Jessups to the Alfords.

7. "Tract One" means the 117.50 acre tract of land located about seven miles west of San Augustine, Texas, and that is more particularly described as Tract One in the Deed.

## QUESTION NO. 1

**Question:**

Have the Alfords proved that they have title to an undivided one-half of the mineral estate beneath Tract One?

**Instruction:**

To establish title, the Alfords must (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned.

The Alfords may prevail only on the superiority of their title, not on the weakness of McKeithen's title.

You are instructed that it is undisputed that prior to executing the Deed, the Jessups owned an undivided one-half of the minerals beneath Tract One. The question of fact for you to decide is whether the Deed reserved or conveyed the mineral interest. If it reserved the mineral interest answer "No," and if it conveyed the mineral interest answer "Yes."

You are further instructed that Exhibit A was incorporated into the Deed.

You are further instructed that a warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions which reduce the estate conveyed.

**Answer:**
Answer "Yes" or "No." _NO_

04/24/2015  10:46  SAN AUGUSTINE COUNTY DIST CLERK          (FAX)936 275 2389          P.006/011

## QUESTION NO. 2

If you answered "No" to Question No. 1, then answer this question. Otherwise do not answer this question.

**Question:**

Have the Alfords proved that the Deed should be reformed such that the reservation of minerals in Exhibit A of the Deed should be removed?

**Instruction:**

To be entitled to a reformation of the Deed, the Alfords must prove that (1) there was an agreement before the Deed was written; and (2) there was a mutual mistake, made after the original agreement, in reducing the agreement to writing that to does not reflect the agreement of the parties to the Deed.

You are instructed that to prove a "mutual mistake," the Alfords must prove (1) a mistake of fact, (2) held mutually by the parties to the Deed, (3) and which materially affects the subject matter of the Deed.

You are further instructed that a warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions which reduce the estate conveyed.

**Answer:**
Answer "Yes" or "No." _No_

04/24/2015  10:46  SANAGUSTINE COUNTY DIST CLERK         (FAX)936 275 2389                P.007/011

## QUESTION NO. 3

If you answered "Yes" to Question No. 2, then answer this question. Otherwise do not answer this question.

**Question:**

Have the Alfords proved that they exercised due diligence in reviewing the Deed?

**Instruction:**

You are instructed that the standard of diligence in reviewing the Deed is that diligence an ordinary prudent person would have used under the same or similar circumstances.

**Answer:**

Answer "Yes" or "No." _No_

04/24/2015   10:46 SANAGUSTINE COUNTY DIST CLERK   (FAX)936 275 2389   P.008/011

## QUESTION NO. 4

If you answered "Yes" to Question No. 3, then answer this question. Otherwise do not answer this question.

**Question:**

By what date did the Alfords discover, or should have discovered by exercising reasonable care and diligence, the reservation of minerals for Tract One in Exhibit A to the Deed?

**Instruction:**

You are instructed that the standard of diligence in reviewing the Deed is that diligence an ordinary prudent person would have used under the same or similar circumstances.

**Answer:**

Answer by inserting a specific, month, day and year. _____

04/24/2015   10:46 SANAUGUSTINE COUNTY DIST CLERK   (FAX)936 275 2389   P.009/011

# REQUESTED QUESTION NO. 5

If you answered "Yes" to Question No. 1 or "Yes" to Question No. 2, then answer this question. Otherwise do not answer this question.

**Question:**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate the Alfords for the damages, if any, that resulted from the minerals beneath Tract One being leased?

**Instruction:**

You shall consider only the difference, if any, between the royalty the Alfords received and the royalty the Alfords would have received had the Jessups or McKeithen not claimed title to one-half of the minerals beneath Tract One.

Do not add any amount for interest on damages, if any.

**Answer:**

Answer in dollars and cents, if any. $_____

CHARGE OF THE COURT

04/24/2015  10:46  SANAUGUSTINE COUNTY DIST CLERK  (FAX)936 275 2389  P.010/011

CV-12-9344

## VERDICT CERTIFICATE

If the verdict is unanimous, the presiding juror should sign below.

_____

Presiding Juror

If the verdict is not unanimous, then the deciding jurors should sign below.

1. _Michael Dohan_     2. _Adam Scallan Jr_

3. _Michael A Brock_     4. _Celia Washburn_

5. _Randy Ragan_     6. _LaQuisa ___

7. _Judie Caraway_     8. _Darlene Williamson_

9. _Tony Bennefield_     10. _Wanda Bedell_

11. _____

**FILED**
AT 4:00 O'CLOCK P M
5-7 20 14
JEAN STEPTOE District Clerk
SAN AUGUSTINE, TEXAS
BY _____

CHARGE OF THE COURT

04/24/2015  10:46  SANAUGUSTINE COUNTY DIST CLERK          (FAX)936 275 2389          P.011/011



NO. CV-12-9344

| CHARLES ALFORD AND MARY LOU ALFORD Plaintiffs, | § § § | IN THE DISTRICT COURT |
| V. | § § | 1ST JUDICIAL DISTRICT |
| ROBERT THOMAS MCKEITHEN, EOG RESOURCES, INC. AND CENTRAL TEXAS LAND SERVICES Defendants. | § § § § § § | SAN AUGUSTINE COUNTY, TEXAS |

## JUDGMENT

A trial in this cause was held on May 6 and 7, 2014.

Charles Alford and Mary Lou Alford, Plaintiffs herein, appeared and announced ready for trial.

Robert Thomas McKeithen, EOG Resources, Inc. and Central Texas Land Services, Defendants herein, appeared and announced ready for trial.

A jury was duly accepted, impaneled, and sworn. The jury returned its verdict after hearing the evidence, argument, and the Court's instructions, and after receiving any special instructions and issues.

### Plaintiffs' Claims

With respect to the cause of action for Trespass to Try Title asserted by Plaintiffs Charles Alford and Mary Lou Alford against Defendant Robert Thomas McKeithen, the jury finds in favor of said Defendant, and Plaintiffs Charles Alford and Mary Lou Alford shall TAKE NOTHING by way of such claim.

With respect to the cause of action for Reformation of a Deed asserted by Plaintiffs Charles Alford and Mary Lou Alford against Defendant Robert Thomas McKeithen, the jury finds in favor of said Defendant, and Plaintiffs Charles Alford and Mary Lou Alford shall TAKE NOTHING by way of such claim.

With respect to the cause of action for Declaratory Judgment asserted by Plaintiffs Charles Alford and Mary Lou Alford against Defendants Robert Thomas McKeithen, EOG Resources, Inc. and Central Texas Land Services, the jury finds in favor of said Defendants, and Plaintiffs Charles Alford and Mary Lou Alford shall TAKE NOTHING by way of such claim.

Any relief not expressly granted on Plaintiffs' claims against Defendants Robert Thomas McKeithen, EOG Resources, Inc. and Central Texas Land Services is DENIED. This order disposes of all causes of action which were asserted or could have been asserted in this lawsuit.

Judgment
CHARLES ALFORD AND MARY LOU ALFORD V. ROBERT THOMAS MCKEITHEN,
EOG RESOURCES, INC. AND CENTRAL TEXAS LAND SERVCES

Page 1

## EOG Resources, Inc. and Central Texas Land Services Claims

Any relief not expressly granted on Defendants EOG Resources, Inc.'s and Central Texas Land Services's claims against Defendant Robert Thomas McKeithen is DENIED. This order disposes of all causes of action which were asserted or could have been asserted in this lawsuit.

## Costs of Court

Costs are hereby taxed against Plaintiffs.

## Postjudgment Interest

It is further ORDERED, ADJUDGED and DECREED that postjudgment interest shall accrue on the amounts awarded hereinabove at the rate of 10% per annum from the date this judgment is signed until paid.

## Enforcement of Judgment

**IT IS ORDERED** that any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary.

## Relief Not Granted

This judgment finally disposes of all parties and all claims and is appealable.

**SIGNED** on ___5|23___, 2014.

JUDGE PRESIDING

APPROVED AS TO FORM:

Noel D. Cooper
Attorney for Defendant Robert Thomas McKeithen
117 North Street, Suite 2
Nacogdoches, Texas 75961
Tel. (936) 564-9000
Fax. (936) 715-6022
Email: noelcooper@noelcooper.com

Judgment
*CHARLES ALFORD AND MARY LOU ALFORD V. ROBERT THOMAS MCKEITHEN,*
*EOG RESOURCES, INC. AND CENTRAL TEXAS LAND SERVCES*

Page 2

Tom Rorie
Attorney for Charles Alford and Mary Lou Alford
Attorney at Law
210 North Street
Nacogdoches, Texas 75961
Tel:  (936) 559-1188
Fax:  (936) 559-0099

Jason R. Mills
Attorney for EOG Resources, Inc. and Central Texas Land Services
Freeman Mills PC
110 N. College, Suite 1400
Tyler, Texas 75702
Tel:  (903) 592-7755
Fax:  (903) 592-7787

Judgment
*CHARLES ALFORD AND MARY LOU ALFORD V. ROBERT THOMAS MCKEITHEN,*
*EOG RESOURCES, INC. AND CENTRAL TEXAS LAND SERVCES*

Page 3

NO. CV-12-9344

| | | |
|---|---|---|
| CHARLES and MARY LOU ALFORD,<br>Plaintiffs | § | IN THE DISTRICT COURT |
| VS. | | |
| ROBERT THOMAS McKEITHEN,<br>EOG RESOURCES, INC., and<br>CENTRAL TEXAS LAND SERVICES,<br>Defendants | §<br><br><br>§ | OF<br><br><br>SAN AUGUSTINE COUNTY, TEXAS |

FILED
AT 10:45 O'CLOCK A M
6-19 20 14
JEAN STEPTOE District Clerk
SAN AUGUSTINE, TEXAS
BY _____

## MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, CHARLES ALFORD and MARY LOU ALFORD, hereinafter referred to as "Plaintiffs," and move the Court to grant a new trial in this case, showing as follows:

1.

The Court signed a Judgment in this case on May 23, 2014. That judgment disposes of all issues in the case, and decrees that Plaintiffs take nothing by way of their suit.

2.

A new trial should be granted for the reason that the trial court erred in holding that the language regarding a reservation of minerals found in the attached Exhibit "A" to the Warranty Deed from Jack Jessup and Annie Elizabeth Jessup to Charles Alford and Mary Lou Alford, dated April 25, 2003 ("Warranty Deed"), is incorporated into that deed and effective as a part thereof.

3.

The Warranty Deed expressly states that it incorporates Exhibit "A" for the sole purpose of

Page 1
Alford v McKeithen et al
Mtn New Trial



providing a metes and bounds description for location of the property on the ground. Any other language included on Exhibit "A" for any other purpose in addition to that necessary to provide a metes and bounds description is surplusage and should be disregarded.

4.

By finding that the entire contents of Exhibit "A" to the Warranty Deed the Court violated the basic rule of contract construction that the language used by the parties to an agreement or conveyance is to be given the effect intended by the parties as shown by the document itself.

5.

The Court should grant a new trial and rule that the language in Exhibit "A" attached to the Warranty Deed that refers to a reservation of minerals is disregarded and that no mineral reservation was effective. The Court should set the case for trial on Plaintiffs' claims for damages and attorney's fees.

WHEREFORE, Plaintiffs request that the Court grant a new trial, enter an interlocutory judgment that no mineral reservation was made in the Warranty Deed, and set the case for trial on Plaintiffs' claims for damages and attorney's fees; Plaintiffs further seek such other relief as they may be entitled to receive, either in law or in equity.

Respectfully submitted,

Tom Rorie

State Bar No. 17238000
210 North Street
Nacogdoches, TX 75961
(936) 559-1188
FAX (936) 559-0099
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on opposing counsel this 16th day of June, 2014, to-wit:

Mr. Jason R. Mills
Mr. Graham K. Simms
Freeman Mills PC
Facsimile (903) 592-7787

Mr. Noel D. Cooper
Law Offices of Noel D. Cooper
Facsimile (936) 715-6022

Mr. Bill McWhorter
Bill McWhorter & Associates
Facsimile (936) 564-6455

Tom Rorie

Page 3
Alford v McKeithen et al
Mtn New Trial

RECEIVED AUG 2 6 2014

NO. CV-12-9344

| | | |
|---|---|---|
| CHARLES ALFORD AND MARY LOU ALFORD<br>Plaintiffs, | §<br>§<br>§ | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| ROBERT THOMAS MCKEITHEN,<br>EOG RESOURCES, INC. AND<br>CENTRAL TEXAS LAND SERVICES<br>Defendants. | §<br>§<br>§<br>§ | |
| | § | SAN AUGUSTINE COUNTY, TEXAS |

## ORDER DENYING
## PLAINTIFFS' MOTION FOR NEW TRIAL

On August 22, 2014, the Court considered the Plaintiffs' Motion for New Trial, and the response thereto, and after hearing the arguments the Court finds that the Motion for New Trial should be **DENIED.**

Signed on _____8/25/14_____.

_____
JUDGE PRESIDING

FILED
AT 3:30 O'CLOCK
8-25 2014
JEAN STEPTOE District Clerk
SAN AUGUSTINE, TEXAS
BY _____